Although "[a]ny error, defect, irregularity or variance which does not affect substantial rights shall be disregarded", Fed.R.Crim.P. 52(a), the defendant prevails when the effect of the error is a close question. O'Neal v. McAninch, 115 S.Ct. 992 (1995). If the jury believed Talbott's testimony about Ferrell's conduct and statements, it could have believed that Talbott possessed the rifle in self-defense for at least some of the time; and, if that is so, the allocation of the burden of persuasion could have assumed foremost importance in answering questions such as whether Talbott surrendered possession as soon as the exigency had passed. Talbott is therefore entitled to a new trial on the rifle charge.

IV

*6 Defendant's remaining contentions concerning the finding of guilt are unpersuasive and do not require separate discussion. But an error by the district judge leads us to remand for resentencing, even on the ammunition count.

Talbott has a long criminal record, and the government asked the judge to sentence him as an armed career criminal under 18 U.S.C. s 924(e). He satisfies the statutory requirements. The Sentencing Guidelines prescribe two possible offense levels in U.S.S.G. s 4B1.4(b)(3):

(A) 34, if the defendant used or possessed the firearm or ammunition in connection with a crime of violence or controlled substance offense, as defined in s 4B1.2(1), or if the firearm possessed by the defendant was of a type described in 26 U.S.C. s 5845(a); or

(B) 33, otherwise.

The difference between level 33 and level 34 is substantial for someone like Talbott with a Criminal History Category of VI. The range for level 34 is 262-327 months, while the range for level 33 is 235-293 months. Talbott's sentence was at the highest point in the range for level 34, so if his proper classification is level 33 he is entitled to a reduction of 34 months (unless the district judge can justify an upward departure).

Defendant starts with s 4B1.4(b)(3)(A), which refers to "a crime of violence or controlled substance offense, as defined in s 4B1.2(1)". A quick trip to s 4B1.2 reveals that being a felon in possession of guns or ammunition is not a "crime of violence". According to the prosecutor, however, a court should consider all conduct related to the unlawful possession. Talbott pointed the rifle at Fuller and threatened to kill him; more, the rifle actually discharged and wounded Fuller (although Trudy Talbott and Fuller himself had some role in that injury). Defendant was charged by Indiana with criminal recklessness, a Class D felony, for his part in these events. And that crime, the government concludes, is a "crime of violence" within the scope of s 4B1.2(1), making level 34 appropriate under s 4B1.4(b)(3)(A). The state charge was dismissed, but the federal judge found by a preponderance of the evidence that defendant threatened both Ferrell and Fuller with the rifle. That conduct was a "crime of violence" under s 4B1.2(1)(ii), the judge concluded, because it "present[ed] a serious potential risk of physical injury to another."

Like the district judge, we conclude that defendant's display of the gun, and its discharge (for which defendant may or may not have been responsible; the judge did not say), do not qualify as crimes of violence under s 4B1.2 (1)(i), which covers offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another". Neither

Copr. (C) West 1996 No claim to orig. U.S. govt. work

FILED
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1194

Ex. 9

possession of a gun by a convicted felon (the crime of conviction) nor reckless endangerment under Indiana law has such an element of the offense. Subsection (ii) is broader, encompassing acts that create substantial risks of injury. No one can doubt that pointing rifles, tussling with them, and discharging them in close quarters creates risks, as Fuller's injury shows. See generally United States v. Rutherford, 54 F.3d 370 (7th Cir.1995). What the prosecutor glosses over is this commentary in Application Note 2 (italics added):

*7 "Crime of violence" includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. Other offenses are included where (A) that offense has as an element the use, attempted use, or threatened use of physical force against the person of another, or (B) the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted involved use of explosives ... or, by its nature, presented a serious potential risk of physical injury to another. Under this section, the conduct of which the defendant was convicted is the focus of the inquiry.

The only counts of which Talbott was convicted dealt with possession of the rifle and ammunition. To extirpate ambiguity, Application Note 2 continues: "The term 'crime of violence' does not include the offense of unlawful possession of a firearm by a felon." Unless we disregard the language of Application Note 2 limiting the inquiry to the crime of which the defendant was convicted, Talbott must be sentenced at level 33 rather than level 34. The district judge recognized that he was going against the commentary, which he called "some muddying of the legal water". Commentary to the Sentencing Guidelines is more than mud, to be filtered out. It is legally authoritative unless it conflicts with the text of the guideline. Stinson v. United States, 113 S.Ct. 1913 (1993). We held in United States v. Lee, 22 F.3d 736, 738-40 (7th Cir.1994), that in light of Stinson courts must respect the time-of-conviction limitation in Application Note 2. The text of the guideline does not resolve the question whether a judge may look beyond the crime of conviction; the commentary settles that issue, demonstrating yet again that the Guidelines are a charge-offense rather than a real-offense sentencing system, a vital distinction that district judges must bear in mind.

If the threats to Ferrell and Fuller and the discharge of the rifle had been "expressly charged" in the federal indictment, they could have been considered under Application Note 2. But they were not mentioned in the indictment--and it is hard to see how they could have been, because they were irrelevant to the federal crime. The state charged Talbott with these acts, but the state's charges were not "the conduct of which the defendant was convicted". Defendant must be resentenced at level 33.

The conviction for possessing ammunition is affirmed, and the conviction for possessing the rifle is reversed. The sentence is vacated, and the case is remanded for further proceedings consistent with this opinion.

FN1. Although the court did not explain what legal basis there was for a generic defense of "good faith." We return to that subject in Part III of this opinion.

FN2. In this context, the defense has been described as duress, coercion,

Copr. (C) West 1996 No claim to orig. U.S. govt. work

FILED 06 1194
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex. 10

necessity, or self-defense. Differences among these defenses and terminology do not affect our analysis. See United States v. Nolan, 700 F.2d 479, 484 n. 1 (9th Cir.), cert. denied, 462 U.S. 1123 (1983).

FN3. Instruction 4.02 provides:
It is a defense to the crime charged that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. This defense shall be referred to in these instructions as the defense of insanity.
The defendant has the burden of proving the defense of insanity by clear and convincing evidence. Instruction 6.01a provides in relevant part:
If ... you find from your consideration of all of the evidence that each of these propositions [elements of the charged offense] has been proved beyond a reasonable doubt, then you should find the defendant guilty, unless you also find that the defendant has proved the defense of insanity by clear and convincing evidence, in which event you should find the defendant not guilty only by reason of insanity.

END OF DOCUMENT

Copr. (C) West 1996 No claim to orig. U.S. govt. works

FILED   06 1194
JUN 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex. 11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. NA 94-21-CR H/H |
| RICHARD D. TALBOTT, | ) |
| Defendant. | ) |

O R D E R

This cause comes before the Court on the Motion of the Government to dismiss Count One of the Indictment, in the following words and figures, to-wit:

[ H. I. ]

IT IS ORDERED, that Count One of the Indictment is dismissed.

Date: 7-3-96

DAVID F. HAMILTON
_____
DAVID F. HAMILTON, Judge
United States District Court
Southern District of Indiana

FILED   06 1194
JUN 2 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex-12

AO 245C (Rev. 3/95) Amended Judgment in a Criminal Case
Case 1:06-cv-01194-GK   Document 1-2   Filed 06/29/2006   Page 5 of 19
(NOTE: Identify Changes with Asterisks (*))

# United States District Court
## Southern District of Indiana

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Richard Dale Talbott** | **AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: 4:94CR00021-001 |

Date of Original Judgment: 06/09/1995
(or Date of Last Amended Judgment)

William E. Marsh
Defendant's Attorney

**Reason for Amendment:**

- Correction of Sentence on Remand (Fed. R. Crim. P. 35(a))
- Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))
- Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36))

- Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))
- Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- Direct Motion to District Court Pursuant to ☐ 18 U.S.C. § 3559(c)(7), or ☐ 28 U.S.C. § 2255.
- Modification of Restitution Order

## THE DEFENDANT:

- ☐ pleaded guilty to count(s) _____
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☒ was found guilty on count(s) *2 after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| * 18 U.S.C. 922 (g)(1) | Felon in Possession of Ammunition | 11/21/1994 | 2 |
| * 18 U.S.C. 924 (e) | Felon in Possession of Ammunition | | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☒ Count(s) *1 _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 06/10/1964
Defendant's USM No.: 04895-028
Defendant's Residence Address:
Bureau of Prisons
320 First Street, NW
Washington    DC    20534

Defendant's Mailing Address:
Bureau of Prisons
320 First Street, NW
Washington    DC    20534

07/03/1996
Date of Imposition of Judgment

*signature*

Honorable David F. Hamilton
Judge, U.S. District Court

July 10, 1996
Date

**FILED**
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
06 1194

Ex. 13

8. After Fuller fell to the ground, the defendant took the rifle from his wife and ejected the spent shell casing. He reloaded the rifle and aimed it at Fuller threatening him with further harm if he got up or tried to get to his car.

9. Fuller drove himself and Mozee to the hospital. The defendant and his wife also went to the hospital. There, police arrested the defendant's wife in connection with the shooting, and seized the rifle and some ammunition from the car.

10. On November 21, 1994, the defendant was arrested at the Floyd County Courthouse on Criminal Recklessness charges in connection with the November 19, 1994, incidents, and approximately 24 rounds of .22 caliber ammunition was seized from him at the time of his arrest.

Victim Impact

11. There are no identifiable victims of the offenses.

Adjustment for Obstruction of Justice

12. The probation officer has no information suggesting the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

13. The defendant has maintained his innocence since being arrested. Therefore an adjustment for acceptance of responsibility can not be given to this defendant.

Offense Level Computations

14. The 1994 edition of the Guidelines Manual has been used in this case. Pursuant to the provisions found in U.S.S.G. § 3D1.2(a), Counts 1 and 2 are grouped as the offense level is determined largely on the basis of the total amount of harm.

15. **Base Offense Level:** The United States Sentencing Commission Guideline for violation of 18 U.S.C. § 922(g)(1) and 924(e) is found in U.S.S.G § 2K2.1(a)(2) and calls for a base offense level of 24.    24

16. **Specific Offense Characteristics:** Section 2K2.1(b)(5) provides for a 4 level increase since the defendant used the firearm in connection with another felony offense, to wit: Criminal Recklessness as charged in Floyd Circuit Court under Cause No. 22C01-9411CF00086.    4

17. **Victim-Related Adjustments:** None.

18. **Adjustments for Role in the Offense:** None.

06 1194

FILED
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex-14

U.S. DEPARTMENT OF JUSTICE                REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __TALBOTT, RICHARD, D.__        __04895-028__        __H-2/B__        __FCI/GREENVILLE__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.           UNIT            INSTITUTION

Part A- INMATE REQUEST

   Mr. Pottios,
   Per our conversation on September 9th, 2004, I am formally requesting that erroneous information contained in my federal presentence investigation report be either removed or corrected, pursuant to Sellers v. Bureau of Prisons, as this information is resulting in decisions adverse to myself when it comes to classifying me under Program Statement 5100.07.
   I was resentenced in 1996, however, no new report was ordered, which has resulted in my being classified based on criminal conduct I am neither serving a prison sentence for, and which was dismissed in 1996, after having been determined to have been determined in violation of federal law.
        Please, see attached.

_September 10, 04_                               _Richard Talbott_
       DATE                                      SIGNATURE OF REQUESTER

Part B- RESPONSE

06 1194 **FILED**

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____                              _____
     DATE                                        WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

                                                CASE NUMBER: _____
ORIGINAL: RETURN TO INMATE
                                                CASE NUMBER: _____

Part C- RECEIPT
                                                                Ex-15
Return to: _____    _____    _____    _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

U.S. Department of Justice  
Federal Bureau of Prisons

# Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Talbott          Richard      D.__          __04895-028__          __H2-B__          __FCI/Greenville__  
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　　　REG. NO.　　　　　UNIT　　　　　INSTITUTION

**Part A—REASON FOR APPEAL**   I am appealing the decision by my unit manager (Pete Pottios) to continue to make custody/security classification decisions adverse to myself, and which are achieved only through wilful and intentional violations of federal law. Id. title 5 United States Code, sections 555a (e)(5), (g)(1)(c) and (g)(4)(a).

　　The Federal Bureau of Prisons is maintaining inaccurate records concerning myself and is making decisions based on the inaccurate records which is depriving me of fair unit team hearings, eligiblity for  for certain programs, and security classifications more beneficial to myself.

__October 14, 2004__　　　　　　　　　　　　　　　　__Richard Talbott__  
　　　DATE　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B—RESPONSE**

06 1194

**FILED**

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK  
U.S. DISTRICT COURT

_____　　　　　　　　　　　　　　　_____  
　　　DATE　　　　　　　　　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　　　　　　CASE NUMBER: _____

**Part C—RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____  Ex. 18  
　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

SUBJECT: _____

BP-230(13)

PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #356228 F2

TALBOTT, Richard
Reg. No.: 04895-028

This is in response to your Request for Administrative Remedy received November 29, 2004, in which you believe your custody classification is incorrectly scored, particularly the severity of the current offense category. You believe it should be scored as a moderate severity.

You were provided a response regarding this issue in Administrative Remedy 264470-A1. You have provided no additional information that would warrant a change in that response. On September 15, 2004, you requested your unit team notify the United States Probation Office of inaccurate information in your Pre-sentence Investigation Report. However, the USPO has indicated they are not inclined to make any changes to your current PSI.

Based on the above information, your Request for Administrative Remedy has been denied. If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

_____          _12/8/04_
Darlene A. Veltri, Warden                  Date

06 1194

**FILED**

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex-19

Dear Warden Veltri,                                    November 11, 2004

Per our conversation, recently, please find attached an Administrative Remedy Request to have my security/custody (BP-338) form corrected.

It is my opinion, based on the information, and conduct of certain unit team members, that I am being purposely discriminated against through the team's use of conduct, and consideration of a dismissed charge, which fails to make up the "Current Offense" for which I am presently incarcerated for.

The BP-9 seeks to acquire an order that I be treated fairly when being classified and that my "Offense Severity Rating" be corrected to reflect the fact that I am serving a sentence for conduct which occurred on November 21, 1994, and consisted of my finding approximately 24 rounds of ammunition and attempting to turn said ammunition over to law enforcement authorities.

The conduct the unit team continues to score my "Current Offense" on was found by the United States Court of Appeals for the Seventh Circuit to be 'irrelevant to the federal crime.' Id. United States v. Talbott, 78 F.3d 1183 (7th Cir.).

The conviction, itself, was determined by the higher court to have been obtained in violation of my constitutional rights to a fair trial, in 1996.

Therefore, according to Program Statement 5100.07, my "Current Offense" rating should have determined as that of "Moderate Severity" instead of "Greatest Severity." (Please see attached).

Thank you, sincerely,

_____
RICHARD TALBOTT
04895-028
Unit H-1A

FILED
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1194

Ex. 20

U.S. Department of Justice

Federal Bureau of Prisons

Regional Administrative Remedy Appeal

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: Talbott, Richard, D.  04895-028  H-1A  FCI/Greenville
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** I am appealing the Warden's response to my request for relief. The Warden (like the rest of the staff members) constantly refuses to address the issue(s) presented, which not only supports my claim of discrimination but also reveals a blatant violation of Federal law (Title 5 USCS 552a, (e)(5), (g)(1)(c) and (g)(4)(a)). Indeed, Warden Veltri refused to even sign the BP-9 "Response" section. Simply because the U.S. Probation Office refuses to correct their records does not excuse the Warden and FCI/Greenville staff from correcting their records. I am being purposefully discriminated against and denied fair custody classification reviews due to the B.O.P. constantly using untrue and false information when scoring my "Current Offense" severity rating - even though presented with a court order revealing one count in my Federal Indictment was dismissed in 1996 as having been obtained in violation of my Constitutional right to a fair trial. I ask that my offense severity rating be corrected to reflect "Moderate Severity" and that the discrimination claim be investigated. (See Att.)

12-13-04                                    Richard D. Talbott
DATE                                        SIGNATURE OF REQUESTER

**Part B—RESPONSE**

06 1194

FILED

JUN 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

_____          _____
DATE                            REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____                Ex. 21
         LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

BP-230(13)

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Name:** TALBOTT, RICHARD
**Register Number:** 04895-028
**Admin Remedy Number:** 356328-R3

---

This is in response to your Regional Administrative Remedy Appeal in which you request that staff correct information in your records which you claim is untrue. You believe you are being discriminated against due to your unit team's reliance on this information to make classification decisions. You also request that the Offense Severity section of your Custody Classification Form (BP-338) be changed from Greatest to Moderate.

A review of your situation reveals the warden's response accurately addresses your concerns. The information you claim is untrue is contained in your Presentence Investigation Report (PSIR). Institution staff have contacted the U. S. Probation Office where the report was prepared. Staff in the probation office indicate the report is correct and no changes will be made. It should also be noted that after the report was initially prepared, and after you, or your attorney, had an opportunity to object to the report, your sentencing judge adopted the factual findings in the PSIR.

Your complaints regarding the Offense Severity scoring of your BP-338 was previously addressed in Administrative Remedy Appeal number 264470. You have provided insufficient evidence to warrant a reconsideration of that issue.

Your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

1/28/05
Date

MICHAEL K. NALLEY, Regional Director

06 1194

**FILED**
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex. 22

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: <u>TALBOTT , RICHARD      D</u>          <u>04895-028</u>      <u>H-1A</u>       <u>FCI/GREENVILLE</u>
       LAST NAME, FIRST, MIDDLE INITIAL         REG. NO.        UNIT          INSTITUTION

Part A—REASON FOR APPEAL   I AM APPEALING THE DECISION OF THE REGIONAL OFFICE. REGION HAS MISINTERPRETED MY COMPLAINT AS SEEKING TO HAVE THE BOP CORRECT ERRONEOUS INFORMATION IN MY PRESENTENCE INVESTIGATION REPORT (WHICH IS UNTRUE).

I AM ATTEMPTING TO HAVE THE BOP CORRECT MY "INSTANT OFFENSE" SECURITY SCORE TO REFLECT THE CRIME I AM IN PRISON FOR, WHICH IS FELON IN POSSESSION OF AMMUNITION, A CRIME WHICH OCCURRED ON NOVEMBER 21, 1994.

THE BOP IS BASING MY "INSTANT OFFENSE" SCORE ON A FIREARM CHARGE WHICH WAS DISMISSED AS HAVING BEEN OBTAINED IN VIOLATION OF MY CONSTITUTIONAL RIGHTS TO A FAIR TRIAL, IN 1996 (AND WHICH WAS ALLEGED TO HAVE OCCURRED TWO DAYS BEFORE THE AMMUNITION COUNT).

I FEEL I AM BEING DISCRIMINATED AGAINST UNFAIRLY.      See attached.

<u>FEBRUARY 15, 2005</u>                              *Richard Talbott*
       DATE                                      SIGNATURE OF REQUESTER

Part B—RESPONSE

**FILED**

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1194

_____                           _____
      DATE                                   GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                 CASE NUMBER: _____
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Part C—RECEIPT
                                           CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL       REG. NO.    UNIT    INSTITUTION

SUBJECT: _____                                     Ex. 23

_____          🖐          _____
   DATE                           SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL    BP-231(13)

Admin Rem No. 356328-R3

Dear Mr. Lappin,                                                            7-5-05

While I was a prisoner at USP Terre Haute, Indiana, staff attempted to assist me in remaining in my home state of Indiana by seeking a couple of "management variables."

This assisted me in staying in my home state's federal prison from 1994 until 2003.

Upon arriving here at FCI/Greenville, although I have been informed that my security points are too high by certain staff members, they also informed me that, as the staff at Terre Haute did not change my security/custody score to reflect the correct number of points, then they will not adjust the scores to REFLECT the correct number.

My primary (and easily verifiable) complaint concerns the fact that I am currently incarcerated for finding 22 rounds of ammunition in 1994 and taking them to local police - whcih resulted in me being given a twenty two year prison sentence for being a 'felon-in-possession' of ammunition.

The staff here at Greenville continue, however, to score my "instant offense" as that of being a felon in possession of a firearm in which someone was, allegedly, shot **(two days before I was to have possessed the ammunition)**.

Although I have continuously presented evidence to my unit team that the firearm conviction was dismissed **in 1996** (Ex. 1), as having been obtained in violation of my constitutional right to a fair trial, they still continue to use the alleged conduct to score me.

06 1194

Under these condictions I feel that I am being discriminated against by staff at FCI/Greenville, and hope you will correct this injustice.

Region's claim that I am seeking to have staff correct information in my federal presentence report is not only a misinterpretation of

FILED
JUN 29 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex. 24

my administrative remedies complaint, but, appears to be an untruth with full knowledge of the real complaint.

I have not seen my mother in over ten years, and the discrimination I am currently having to deal with here at FCI/Greenville (because of the arbitrary actions being committed by my unit team) is not only contrary to federal law, but is creating a severe hardship on me and my family.

I am asking that the unit team correct my instant offense severity rating to reflect my true offense of incarceration, which is 3 and not 7 (the difference between "Greatest Severity" and "Moderate Severity."

I am not attempting to be the proverbial 'thorn' in the side of the BOP, simply to be treated fairly by those responsible for grading my security/custody status.

Any, and all, assistance the Washington office may be able to extend will be greatly appreciated.

7-5-05

Respectfully submitted,

Richard Talbott

Reg. No. 04895-028
Housing Unit H1A
FCI/GREENVILLE, IL.
P.O. BOX 5000
    62246

**FILED**

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

06 1194

2

Ex. 25

TALBOTT, Richard
Reg. No.: 04895-028

This is in response to your letter addressed to Harley Lappin, Director of the Federal Bureau of Prisons. It has been forwarded to this office for a direct response. You request your custody classification be amended to accurately reflect the severity of your current offense.

A review of your situation indicates you have filed an administrative remedy regarding this issue. You have also been provided responses from the Warden, Regional Director, and Director upholding the scoring of your instant offense. Since you have exhausted the administrative remedy process, you may file the paperwork in the appropriate district court.

I trust this information has adequately addressed your concerns.

_____          _____8/12/05_____
Sara M. Revell, Warden                   Date

06 1194

**FILED**

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex. 26

TALBOTT, Richard
Reg. No.: 04895-028

This is in response to your Inmate Request to Staff Member received on May 2, 2006, in which you make several requests.

First, you request the BP-8 be returned to you which you alleged unprofessional conduct and discrimination. This informal attempt was submitted, however, you failed to sign the form. It was subsequently returned to you for signature. I have received the signed form and Mr. Chambers will be delivering it to you shortly. Second, please advise your case manager, or myself, what document contains the information about numerous rapes so I may research the issue. Third, every time I make rounds in the Special Housing Unit, you have never requested a BP-9, BP-10, and BP-11. I would provide those forms to you on the spot. Additionally, Mr. Chambers has advised me he has delivered those forms to you. You have submitted these forms to the warden, so they must have been obtained from somewhere. Fourth, again, you submitted a request for informal resolution without signing it. You have signed it and returned it to myself and it will be returned to you shortly by Mr. Chambers. Lastly, I have received your 14 plus page request dated April 16, 2006. You make no less than 8 requests on this form. Many of the issues you raise are not ones that can be answered expeditiously. I would advise you to wait patiently as I review and research each individual request. Consequently, many of these issues have redundantly been addressed on informal resolution attempts, administrative remedies, and inmate request to staff submitted to the Warden. Therefore, my time is also spent responding to all the above requests.

I trust this information has adequately addressed your concerns.

_____          _____
P. Pottios, H1/H2 Unit Manager                        Date

06 1194

**FILED**

JUN 29 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex. 27

TALBOTT, Richard
Reg. No.: 04895-028

This is in response to your Inmate Request to Staff Member received on April 19, 2006, in which you make eight separate requests.

Request number one asks that I contact the U.S. District Court Clerks' office, the U.S. Attorney's Office, or the U.S. Probation office for S/IN. Although this issue has already been addressed to the U.S. Probation office, I decided to again contact them with your issues. On May 1, 2006, I send correspondence to Robert Akers, supervising U.S. Probation Officer asking him to again research your contentions. Shortly thereafter, I received a conformation reply that he was looking into the issue. To this date, I have not received a response. Therefore, this is why I continually ask you be patient so that I may present you with their response. Your requests two thru eight, hinge on my receipt of the U.S. Probation response.

I trust this information has adequately addressed your concerns.

_____         5-24-06
P. Pottios, H1/H2 Unit Manager            Date

Talbott,
Here is another copy.

06 1194

**FILED**

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex. 28

C-14

TALBOTT, Richard
Reg. No.: 04895-028

This is in response to your Inmate Request to Staff Member received on May 1, 2006, in which you provide informational statements about your Pre-Sentence Investigation Report (PSI) and alleged inaccuracies.

I have spoken to your unit team and reviewed your administrative remedy submissions. It appears you are taking appropriate steps to contest the information used in your instant offense scoring on your custody classification. As stated in a previous response, I encourage you to work with your unit team and patiently await your administrative remedy responses.

I trust this information has adequately addressed your concerns.

_____          5-3-06
Sara M. Revell, Warden                Date


06 1194

FILED

JUN 2 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Ex. 29