UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD DALE TALBOTT   )<br>    Plaintiff,           )<br>                        )<br>v.                      )<br>                        )<br>FEDERAL BUREAU OF PRISONS, et al )<br>                        ) | Case No. 061194-GK |

PRO SE PETITION TO
SUPPLEMENT MOTION FOR RELIEF FILED UNDER THE PRIVACY ACT OF 1974

  COMES NOW the plaintiff/petitioner Richard Dale Talbott in pro se and respectfully prays this Honorable Court enters and grants the instant petition to supplement his civil action filed pursuant to the Privacy Act of 1974.

  In support of the instant petition the petitioner would submit the following evidence in support of his civil claim that the defendant is in violation of title 5 U.S.C S 552a (e)(5) of the Privacy Act;

  In his cause of action the petitioner/plaintiff submitted evidence that the defendant failed to maintain accurate records which were being used to make adverse decisions against plaintiff

  One of the pieces of evidences included the communication in which plaintiff s unit manager Pete Pottios sent the U S Probation Office



RECEIVED
JUL 1 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Pursuant to Bureau of Prisons Program Statement 5800.11 the defendant was to inquire as to whether or not the information provided by the plaintiff was true/accurate or not

Should the probation office verify the accuracy of the information provided by plaintiff, the defendant was to discontinue using the inaccurate information when making decisions regarding the plaintiff.

In his civil action, the plaintiff herein claimed that the defendant purposely misled him when advising him concerning the procedures in order to deprive plaintiff of the protections of the Privacy Act and Bureau of Prisons code of federal regulations.

Specifically, the plaintiff claimed that unit manager Pete Pottios contacted the probation office with the allegation that the plaintiff sought to have his Presentence Investigation Report altered or revised (which, program statement 5800.11 specifically informed Mr. Pottios could not be achieved.

Attached, is the communication mailed to the probation office by Mr. Pottios in September, 2004, in which Mr. Pottios (instead of asking if the firearm charge was in fact dismissed in 1996 as claimed by the plaintiff), requested no such verification.

Respectfully submitted this 2nd day of July, 2006.

*[signature]*
\# 04895-028
P.O. Box *[illegible]*
*[illegible]*
*[illegible]*



U.S. Department of Justice

Federal Prison System
*Federal Correctional Institution*

---

September 15, 2004

*100 U.S. Hwy 40 & 4th Street*
*Greenville, Illinois  62246*

Barb Roembke, CUSPO
United States Probation Office
Southern District of Indiana
101 Birch Bayh Federal Building
46 East Ohio Street
Indianapolis, IN 46204

Re: TALBOTT, Richard
Reg. No.: 04895-028
Docket No.: 4:94CR00021-001

Dear Ms. Roembke:

The above inmate has presented information to his unit team indicating certain information in his Pre-Sentence Investigation Report is inaccurate. The Bureau of Prisons has an obligation to contact the probation department to present the inmate's concerns.

Inmate Talbott was originally sentenced in the Southern District of Indiana on June 9, 1995, to a 327 month term of incarceration for Felon in Possession of Ammunition and Felon in Possession of a Firearm. However, on July 3, 1996, he was re-sentenced under a Rule 35 appeal to 264 months for Felon in Possession of Ammunition 922(g)(1) and Felon in Possession of Ammunition 924 (e). He initially objects to not receiving points for his acceptance of responsibility and then addresses the fact a revised PSR was not prepared for his second sentencing. Currently, the Bureau of Prisons is holding his instant offense as greatest severity because an individual was shot with a gun by Talbott. I have attached his written pages outlining his objections. If you have any questions or concerns, contact the undersigned at (618) 664-6256.

Please advise us of your findings. Thank you for your assistance in this matter of mutual concern.

Sincerely,

Pete Pottios
Unit Manager

To. U.S. District Court  
    c/o Clerk  
    Washington, D.C.

June 27, 2006

No. 06 1194-GK

By. Richard D. Talbott  
    04895-028  
    P.O. Box 5000  
    Greenville, Il.  
         62246

Dear Clerk,

    May all be well for you at this time.

    Enclosed, please find a copy of a grievience filed with the Bureau of Prisons, by myself, on June 22, 2006.

    The grievience was filed due to what I feel is/could be retaliation for exercising my first amendment right to seek redress for grieviences and petitioning the court concerning the Privacy Act suit recently filed by myself.

    I am only attempting to keep the court abreast of what is going on at this time and which may, possibly, be a result of my asking the court to correct what I feel is a violation of my rights under the Privacy Act.

    And while I do not feel threatened, in the physical sense, I feel that the instant communication is necessary for, possible, future references.

                                        Thank you.

                                        Respectfully,

                                        Richard Talbott

Federal Correctional Institution
Greenville, Illinois

## ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
## INFORMAL RESOLUTION FORM

**NOTE TO INMATE:** You are advised that prior to receiving and filing a Request for Administrative Remedy Form BP-9(BP-229(13), you **MUST** attempt to informally resolve your complaint through your Correctional Counselor. Briefly state **ONE** complaint below and list what efforts you have made to resolve your complaint informally and state the names of staff contacted.

Date Form Issued and Initials of Correctional Counselor:_____

Unit:_____

**INMATE'S COMMENTS:**

1. Complaint: I was removed from the Residential Values Program for no reason and placed in an eight-man tank in H2B. **See Attached**

2. Efforts made by you to informally resolve: Presenting the instant form to the Unit Manager, Pete Pottios.

3. Names of staff you contacted: **H1/H2** Unit Manager, Pete Pottios.

Date Returned to Correctional Counselor: **June 22, 2006**

_Richard Talbott 04895-028_    _Richard Talbott 04895-028_
Inmate's Printed Name & No.    Inmate's Signature/Reg. No., Date

**CORRECTIONAL COUNSELOR'S COMMENTS:**

1. Efforts made to informally resolve and staff contacted:_____
_____

Date Informally Resolved:_____
     OR                                         Correctional Counselor
Date BP-9 issued:     _____

**UNIT MANAGER'S COMMENTS:**
_____

Distribution: If complaint is informally resolved - Forward to AW(P) Secretary. If complaint is **NOT** informally resolved - Forward original attached to BP-9 form to the paralegal specialist for investigation.

Administrative Remedy
Request
---

    The instant request is to be moved back into the Residential Values Program.

    In February, 2006, I was placed in administrative segregation pending investigation/threat assessment by Special Investigative Services, following a 'prank' by someone in which a letter/communication was placed in the legal mailbox, to my knowledge, threatening President George Bush.

    Following an investigation (and four months in the S.H.U.), I was released.

    However, instead of being placed back in the Residential Values Program, I was not only placed in housing unit H2B, but was also placed in the 'tank'.

    The 'tank,' as you are aware, houses eight (8) inmates in a 'cell' with measurements of approximately 15' x 18' area, and consists of only two toilets and two sinks.

    The policy of the Greenville institution, when contraband is found in one of these tanks is to write every inmate housed there an incident report, which can adversely affect all inmates housed there (i.e., inability to transfer, job assignments, etc.).

    For instance, on June 21, 2006, I voiced my concerns to H2B counselor Bradley and the very next day, alcohol was found in the very 'tank' I am being housed in.

    Luckily, the inmate who had placed the wine in the 'tank' admitted it was his (which represented the first time I have seen an inmate at Greenville admit such an act on his own), after all of us were told that we would be placed in the S.H.U. if no one admitted to ownership of said contraband.

Also, immediately upon my release from the S.H.U., I went to housing unit H1A to speak with counselor Chambers about moving back in to H1A, and was shortly thereafter advised by a staff member that "per orders of S.I.S.," I am to be no where near H1A.

Thus, my movement on the Greenville compound has been limited without so much as a reason.

I was a mentor in the Residential Values Program, which is preferred housing, and had a two-man cell.

I have not received an incident report in over eight (8) years, and not one incident report my two years, nine months, here at Greenville.

It is my firm belief that I am being unduly and unfairly punished in light of the recent lawsuit I filed against the Bureau of Prisons and the complaints against certain staff at this facility for what I believe to be discriminatory practices.

Being thrown out of preferred housing, placed in an eight man cell and having my movements unduly restricted by S.I.S. only serves to justify the legal and administrative actions I have initiated, I feel, however, the instant request is being presented in order to (1) be made aware as to why I was removed from H1A and (2) be reassigned back to H1A.

Alternatively, I request to be placed in a two-man cell, in H2B in order that I am not held responsible for the possible acts and violations other inmates may choose to engage in/commit.

Respectfully submitted this 22nd day of June, 2006.

*Richard Talbott*
# 04895/028

H2B (Tank)