Exhibit E



U.S. Department of Justice

Federal Bureau of Prisons

Federal Correctional Institution

100 U.S. Route 40 & 4th Street
P.O. 4000
Greenville, IL 62246

August 18, 2006



The Honorable Barack Obama
United States Senator
230 S. Dearborn Suite 3900
Chicago, Illinois 60604

Attention: Jennifer Mason

Dear Senator Obama:

    This is in response to your correspondence dated July 31, 2006, addressed to Karen Dellarocco, Legislative Affairs Specialist, which has been forwarded to my office for a direct response. In your letter, you write on behalf of one of your constituents, Richard Talbott, Reg. No. 13781-424, who is currently incarcerated at the Federal Correctional Institution, Greenville, Illinois. Mr. Talbott is currently serving a 264 month sentence for Felon in Possession of Ammunition. He has a projected release date of March 9, 2014, via Good Conduct Time. Mr. Talbott contends his custody classification has been calculated in error. Specifically, Mr. Talbott states that due to inaccurate information included in his Pre-Sentence Investigation report (PSI), the severity of the current offense category is incorrectly scored.

    Mr. Talbott's records reflect he was originally convicted of two counts: (1)Felon in Possession of a Firearm - 18 USC 922(g)(1) & 924(e) and (2)Felon in Possession of Ammunition - 18 USC 922(g)(1) 924(e). He was sentenced to 327 months with 5 years supervision. In July 1996, Mr. Talbott received a Rule 35 government appeal that dismissed the first count and reduced his sentence to 264 months and 5 years supervision. Per Program Statement 5100.07, when determining the severity of the current offense score, the most severe documented instant offense behavior shall be scored. Specifically, in reviewing his PSI report, it involves Mr. Talbott pointing a rifle at the victim and later wrestling the victim for the rifle. This resulted in the victim being shot in the neck. Though count one was later dismissed, the unit team must carefully examine the entire Offense Computation section of the PSI report, and if necessary, the Offense Conduct section, to determine whether the offense was violent. He also has five prior convictions involving Battery on Females. These convictions involve a variety of violent acts which include beating a victim with a wooden club, to striking them in the face. Therefore, based on inmate Talbott's PSI, he is currently scored as greatest severity. On September 15, 2004, a letter was prepared for the Chief USPO for the Southern District of Indiana with all of inmate Talbott's objections and concerns regarding information in his PSI. The response received was the information in the PSI would not be changed. Therefore the unit team feels the scoring is appropriate.

I trust this response will assist you in responding to your constituent. If you require additional information, please do not hesitate to contact me.

Sincerely,

Sara M. Revell
Warden