# ATTACHMENT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICHARD D. TALBOTT,    )
                       )
              Plaintiff,    )
                       )
      vs.              )          Cause No. IP 91-834-C
                       )
DETECTIVE NORMAN P. WIGGINGTON,    )
CHIEF GARY HALL,       )
                       )
              Defendants.    )

**ENTRY AND ORDER DENYING REQUEST TO PROCEED IN
FORMA PAUPERIS AND DIRECTING ENTRY OF JUDGMENT**

This cause is before the Court on the plaintiff's civil complaint and on his request to proceed *in forma pauperis*.

Whereupon the Court, having read and examined such complaint and request, and being duly advised, now makes its ruling.

**Background**

The plaintiff is detained in the Clark County Jail. He relates in his complaint that on March 9, 1991 he was "accused" of battery and rape. The next day he met with Captain Norman Wiggington of the Clarksville Police Department, waived his rights and gave a taped statement. Three (3) weeks later he was arrested for these offenses. It was discovered thereafter that his waiver of rights form and taped statements had been lost and could not be produced. In a supplement to the complaint dated August 29, 1991 the plaintiff states that he is accepting a plea agreement whereby he will receive a four (4) year sentence, though this is done out of fear of an even longer sentence. In consequence of the

missing form and statement, however, Mr. Talbott brings this action for money damages against Captain Wiggington and Clarksville Chief of Police Gary Hall.

The plaintiff is incarcerated, is without income or assets and has shown his inability to prepay the $120.00 filing fee to commence this action. Nonetheless, his request to proceed *in forma pauperis* may properly be denied and this cause of action dismissed if the action is frivolous within the meaning of 28 U.S.C. § 1915(d). *Flick v. Blevins*, 887 F.2d 779, 780 (7th Cir. 1989); *Smith-Bey v. Hospital Administrator*, 841 F.2d 751, 757 (7th Cir. 1988). A complaint should be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 109 S.Ct. 1827, 1831 (1989).

### Discussion

The plaintiff's action is brought pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 108 S.Ct. 2250, 2255 (1988).

The first inquiry in every Section 1983 case is whether there has been the deprivation of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). Although it is difficult to imagine how the plaintiff's waiver of rights form or his own statement could have established his innocence, and even less likely that in view of his guilty plea the plaintiff has been prejudiced by the loss of these items, law enforcement defendants have no duty to seek or reveal exculpatory information to the plaintiff. *Kompare v. Stein*, 801 F.2d 883 (7th Cir. 1986). In addition, "unless a criminal

defendant can show bad faith on the part of police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood,* 109 S.Ct. 333, 337 (1988). The plaintiff has alleged nothing more than the loss of documents relating to his *pre-arrest* contact with the Clarksville police. The loss of such documents does not suggest the deprivation of a federally secured right.

The plaintiff's claims are entitled to and have received fair and meaningful consideration. This Court has the duty to recognize and accept valid claims for the deprivation of constitutional and other federally protected rights. It must further generously construe the allegations of *pro se* litigants such as Mr. Talbott. In this case, however, the review mandated under 28 U.S.C. § 1915(d) shows beyond doubt that his claims are so insubstantial as to lack an arguable basis in law or fact. The claims are therefore legally frivolous and pursuant to 28 U.S.C. § 1915(d) the request to proceed *in forma pauperis* must now be denied and the cause of action dismissed with prejudice.

## O R D E R

Based on the foregoing,

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* is **DENIED** and this cause of action is **DISMISSED WITH PREJUDICE**, though this disposition shall not affect the plaintiff's right to seek collateral relief in this or any other appropriate forum in the event he is convicted of the charge which he identifies in his complaint. Judgment consistent with this Entry shall now issue.

Larry J. McKinney
LARRY J. McKINNEY, Judge
United States District Court

Date:_____ SEP 2 6 1991

Copies to:

Richard D. Talbott
Clark County Jail
501 East Court Avenue
Jeffersonville, Indiana  47130

Detective Norman P. Wiggington
Clarksville Town Hall
230 Montgomery Street
Clarksville, Indiana  47130

Chief Gary Hall
Clarksville Town Hall
230 Montgomery Street
Clarksville, Indiana  47130

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

RICHARD D. TALBOTT,                        )
                                           )
                          Plaintiff,       )
                                           )
          vs.                              )          Cause No. IP 91-834-C
                                           )
DETECTIVE NORMAN P. WIGGINGTON,            )
CHIEF GARY HALL,                           )
                                           )
                          Defendants.      )

### JUDGMENT

This cause having come before the Court on the plaintiff's complaint and his request to proceed *in forma pauperis*,

And the Court, having read and examined such complaint and request, and having this day made its Entry,

IT IS NOW ORDERED, ADJUDGED AND DECREED that the plaintiff's request to proceed *in forma pauperis* is DENIED, that the plaintiff take nothing by his complaint and this cause of action is DISMISSED WITH PREJUDICE.

Larry J. McKinney
LARRY J. McKINNEY, Judge
United States District Court

Date: SEP 2 6 1991

Copies to:

Richard D. Talbott
Clark County Jail
501 East Court Avenue
Jeffersonville, Indiana  47130

Detective Norman P. Wiggington
Clarksville Town Hall
230 Montgomery Street
Clarksville, Indiana  47130

Chief Gary Hall
Clarksville Town Hall
230 Montgomery Street
Clarksville, Indiana  47130

## UNITED STATES DISTRICT COURT SOUTHERN INDIANA

TALBOTT, RICHARD D. -VS- HALL, GARY                     IP91-C-0834 -M/F

| FILED | CLOSED | NATR SUIT | JURY? | DEMAND ($1000) | JUDGE | MAGISTRATE |
|-------|--------|-----------|-------|----------------|-------|------------|
| 07/29/1991 | 09/26/1991 | 550 | N | 0 | MCKINNEY | FOSTER |

**CAUSE:** PRISONER PETITIONS; Civil Rights

TALBOTT, RICHARD D.                    **RICHARD D TALBOTT**
plaintiff                              PRO SE

                                       C/O CLARK COUNTY JAIL

                                       501 E COURT AVE

                                       JEFFERSONVILLE, IN 47130

**V.**

HALL, GARY
defendant
WIGGINGTON, NORMAN P.
defendant
CLARKSVILLE POLICE DEPARTMENT
defendant

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 07/29/1991 | 1 | APPLICATION TO PROCEED ifp (Complaint received) |
| 09/26/1991 | 2 | ORDER Denying IFP LJM c/m eod 9/26/91 |
| 09/26/1991 | 3 | CLOSED Judgment entered for defts LJM c/m eod 9/26/91 |
| 09/30/1991 | 4 | ORDER BOOK ENTRY OBV 37 PAGE 669 |

**USDC Southern Indiana -JAMS data-**                     <u>Go to</u>
                                                          <u>Top</u>

# ATTACHMENT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RICHARD D. TALBOTT,               )
                                  )
                    Plaintiff,    )
                                  )
          vs.                     )          Cause No. IP 91-858-C
                                  )
DANIEL F. DONAHUE,                )
NORMAN P. WIGGINGTON,             )
STEVEN STEWART,                   )
VICKY L. CARMICHAEL,              )
WILLIAM C. GRIMES,                )
                                  )
                    Defendants.   )

ENTRY AND ORDER DENYING REQUEST TO PROCEED IN
FORMA PAUPERIS AND DIRECTING ENTRY OF JUDGMENT

This cause is before the Court on the plaintiff's civil complaint and on his request to proceed *in forma pauperis*.

Whereupon the Court, having read and examined such complaint and request, and being duly advised, now makes its ruling.

### Background

The plaintiff is detained in the Clark County Jail awaiting trial or other disposition of criminal charges in Floyd County. He alleges that the presiding judge, prosecuting attorney, public defender and a police detective assigned to his case have acted in collusion to deprive him of his federally secured rights. In particular, he is concerned with the destruction of unspecified evidence and seeks money damages and an order compelling the defendants to follow correct procedures in the future.

The plaintiff is incarcerated, is without income or assets and has shown his inability to prepay the $120.00 filing fee to commence this action. Nonetheless, his request to proceed *in forma pauperis* may properly be denied and this cause of action dismissed if the action is frivolous within the meaning of 28 U.S.C. § 1915(d). *Flick v. Blevins,* 887 F.2d 779, 780 (7th Cir. 1989); *Smith-Bey v. Hospital Administrator,* 841 F.2d 751, 757 (7th Cir. 1988). A complaint should be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 109 S.Ct. 1827, 1831 (1989).

### Discussion

A prisoner may not use a civil rights action in an attempt to shorten his sentence or attack his criminal conviction. *Preiser v. Rodriguez,* 411 U.S. 475 (1973); *Scruggs v. Moellering,* 870 F.2d 376, 378-79 (7th Cir. 1989). Although Mr. Talbott seeks only damages and a rather vague injunction rather than his outright release, to determine the applicability of *Preiser* we look not only at the relief sought but also at the nature of the claim. If there is an "undeniably direct and specific relationship" between the challenged conduct and the fact or length of confinement, his remedy lies in a habeas corpus action pursuant to 28 U.S.C. § 2254 action. *Viens v. Daniels,* 871 F.2d 1328, 1332 (7th Cir. 1989). In turn, such an action is ordinarily available only after state remedies have been fully exhausted and the direct or indirect interference by a Federal court with an ongoing state criminal proceeding is not permitted absent extraordinary circumstances.

It is clear that the damages Mr. Talbott seeks are for the fact that he is again being prosecuted in Clark County rather than for any independent and unrelated injury. *See Greene v. Meese,* 875 F.2d 639, 642 (7th Cir. 1989). This he may not do. As presented, the action is indisputably without merit and, as with his earlier case, is legally frivolous.

# O R D E R

Based on the foregoing,

**IT IS THEREFORE ORDERED** that the plaintiff's request to proceed *in forma pauperis* is **DENIED** and this cause of action is **DISMISSED WITH PREJUDICE,** though this disposition shall not affect the plaintiff's right to seek collateral relief in this or any other appropriate forum in the event he is convicted of the charge which he identifies in his complaint. Judgment consistent with this Entry shall now issue.

S. HUGH DILLIN, Judge
United States District Court

Date: 10/3/91

Copies to:

Richard D. Talbott
Clark County Jail
501 East Court Avenue
Jeffersonville, Indiana 47130

Judge Daniel F. Donahue
Clark County Circuit Court
City-County Building
501 East Court Avenue
Jeffersonville, Indiana 47130

Norman P. Wiggington
Clarksville Town Hall
230 Montgomery Street
Clarksville, Indiana 47130

Steven Stewart, Prosecuting Attorney
City-County Building
501 East Court Avenue
Jeffersonville, Indiana 47130

Vicki L. Carmichael
Chief Public Defender
City-County Building
501 East Court Avenue
Jeffersonville, Indiana 47130

William C. Grimes, Prosecutor
City-County Building
501 East Court Avenue
Jeffersonville, Indiana 47130

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICHARD D. TALBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. IP 91-858-C |
| | ) | |
| DANIEL F. DONAHUE, | ) | |
| NORMAN P. WIGGINGTON, | ) | |
| STEVEN STEWART, | ) | |
| VICKY L. CARMICHAEL, | ) | |
| WILLIAM C. GRIMES, | ) | |
| | ) | |
| Defendants. | ) | |

### JUDGMENT

This cause having come before the Court on the plaintiff's complaint and his request to proceed *in forma pauperis,*

And the Court, having read and examined such complaint and request, and having this day made its Entry,

**IT IS NOW ORDERED, ADJUDGED AND DECREED** that the plaintiff's request to proceed *in forma pauperis* is **DENIED,** that the plaintiff take nothing by his complaint and this cause of action is **DISMISSED WITH PREJUDICE.**

S. HUGH DILLIN, Judge
United States District Court

Date: 10/3/91

O.B. Vol. 37, page 212

Copies to:

Richard D. Talbott
Clark County Jail
501 East Court Avenue
Jeffersonville, Indiana  47130

Judge Daniel F. Donahue
Clark County Circuit Court
City-County Building
501 East Court Avenue
Jeffersonville, Indiana  47130

Norman P. Wiggington
Clarksville Town Hall
230 Montgomery Street
Clarksville, Indiana  47130

Steven Stewart, Prosecuting Attorney
City-County Building
501 East Court Avenue
Jeffersonville, Indiana  47130

Vicki L. Carmichael
Chief Public Defender
City-County Building
501 East Court Avenue
Jeffersonville, Indiana  47130

William C. Grimes, Prosecutor
City-County Building
501 East Court Avenue
Jeffersonville, Indiana  47130

## UNITED STATES DISTRICT COURT SOUTHERN INDIANA

TALBOTT, RICHARD D. -VS- DONAHUE, DANIEL F.          IP91-C-0858 -D/?

| FILED | CLOSED | NATR SUIT | JURY? | DEMAND ($1000) | JUDGE | MAGISTRATE |
|-------|--------|-----------|-------|----------------|-------|------------|
| 08/02/1991 | 10/03/1991 | 550 | N | 0 | DILLIN | ? |

**CAUSE:** PRISONER PETITIONS; Civil Rights

TALBOTT, RICHARD D.                    **RICHARD D TALBOTT**
plaintiff                              PRO SE
                                       C/O CLARK COUNTY JAIL
                                       501 E COURT AVE
                                       JEFFERSONVILLE, IN 47130

**V.**
DONAHUE, DANIEL F.
defendant
WIGGINGTON, NORMAN P.
defendant
STEWART, STEVEN
defendant
CARMICHAEL, VICKY L.
defendant
GRIMES, WILLIAM C.
defendant

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 08/02/1991 | 1 | APPLICATION TO PROCEED ifp (Complaint received) |
| 10/03/1991 | 2 | DENIES forma pauperis appl. Cause DISMISSED W/PREJUDICE (SHD) (eod 10/4/91) c/m |
| 10/03/1991 | 3 | CLOSED Judgment entered cm crd eod 10/7/91 SHD |

10/24/1991   4      ORDER BOOK ENTRY OBV 37 PAGE 717

**USDC Southern Indiana -JAMS data-**                    <u>Go to</u>
                                                          <u>Top</u>

# ATTACHMENT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

RICHARD TALBOTT,                     )
                                     )
                    Plaintiff,       )
                                     )
          v.                         )          Cause No. NA 95-0036-C-R/H
                                     )
NEW ALBANY POLICE                    )
  DEPARTMENT, et al.,                )
                                     )
                    Defendants.      )

## ENTRY AND ORDER

     This cause is before the court on the plaintiff's complaint and his request to proceed *in forma pauperis.*

     Whereupon the court, having read and examined such complaint and request, and being duly advised, now makes its ruling and does so based on the following determinations.

     1.    The plaintiff is confined in the Clark County Jail awaiting trial or other disposition of charges filed against him based on an incident which occurred on November 19, 1994. In this action he alleges that those charges are resulting in his false imprisonment. He seeks a declaration that the "fruits" of the investigation which has resulted in the charges against him are tainted, that the charges against his wife and himself be dismissed and that he be awarded damages of $100,000.00.

     2.    The plaintiff is financially unable to prepay the filing fee in this action. Review of the complaint is therefore undertaken pursuant to 28 U.S.C. § 1915(d), which permits the court to dismiss an action if it is found frivolous or malicious. Although the meaning of "malicious" in this context is not well-developed, the meaning of "frivolous" is. Under this standard, a district court may review the complaint and dismiss *sua sponte* those claims premised on meritless legal theories or that clearly lack any factual basis. *Denton v. Hernandez,* 112 S. Ct. 1728, 1730-31 (1992). "Frivolous claims are those that have no arguable basis in law or in fact." *Talley v. Lane,* 13 F.3d 1031, 1033 (7th Cir. 1994), citing *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S. Ct. 1827 (1989); *Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993).

3.     The plaintiff's action is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). Absent either element, a claim will not be stated.

4.     The complaint certainly alleges state action. His claim, however, is premature because the claim he makes would directly impact on the validity of the state prosecution. Such a claim cannot be maintained unless the state proceeding (if it results in his conviction) "has been reversed on direct appeal, expunged by executive order, declared invalid by an [authorized] state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994).

5.     The action is thus frivolous within the meaning of 28 U.S.C. § 1915(d) and the request to proceed *in forma pauperis* must be denied. Judgment consistent with this Entry shall now issue. This disposition is not an adjudication "on the merits" and does not preclude the submission of a complaint for which the $120.00 filing fee required by 28 U.S.C. § 1914(a) is paid. *Denton v. Hernandez*, 112 S. Ct. 1728, 1734 (1992).

**IT IS SO ORDERED.**

GENE E. BROOKS, Judge
United States District Court

Date: March 15, 1995

Copies to:

Richard D. Talbott
c/o Clark County Jail
501 East Court Avenue
Jeffersonville, IN  47130

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

RICHARD TALBOTT,                    )
                                    )
                    Plaintiff,      )
                                    )
        v.                          )            Cause No. NA 95-0036-C-R/H
                                    )
NEW ALBANY POLICE                   )
    DEPARTMENT, et al,              )
                                    )
                    Defendants.     )

## J U D G M E N T

The Court, having this day made its Entry,

IT IS NOW THEREFORE ADJUDGED AND DECREED that the plaintiff's request

to proceed *in forma pauperis* is DENIED and this cause of action is dismissed pursuant to 28

U.S.C. § 1915(d).

IT IS SO ORDERED.

GENE E. BROOKS, Judge
United States District Court

Date: March 15, 1995

Copies to:

Richard D. Talbott
c/o Clark County Jail
501 East Court Avenue
Jeffersonville, IN  47130

74                          Entered 3-16-95

## UNITED STATES DISTRICT COURT SOUTHERN INDIANA

TALBOTT, RICHARD D -VS- PARSONS, PAUL               NA95-C-0036 -R/H

| FILED | CLOSED | NATR SUIT | JURY? | DEMAND ($1000) | JUDGE | MAGISTRATE |
|-------|--------|-----------|-------|----------------|-------|------------|
| 03/07/1995 | 03/16/1995 | 550 | N | 100 | BROOKS | HUSSMANN |

CAUSE: PRISONER PETITIONS; Civil Rights

TALBOTT, RICHARD D                    **RICHARD D TALBOTT (O1)**
plaintiff                             PRO SE 04895-028
                                      P O BOX 33 (G/2)
                                      TERRE HAUTE, IN 47808

**V.**

PARSONS, PAUL
defendant
CULWELL, MIKE
defendant
BREWER, KYLE
defendant
NEW ALBANY POLICE DEPARTMENT
defendant

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 03/07/1995 | 1 | APPLICATION TO PROCEED IFP |
| 03/07/1995 | 2 | CIVIL COVER SHEET |
| 03/15/1995 | 3 | ENTRY & ORDER: action is frivolous within the meaning of 28 USC 1915(d) & request to proceed IFP must be DENIED. Judgment consistent with the Entry shall now issue, (1) (GEB), c/m eod 03/16/95 |
| 03/15/1995 | 4 | CLOSED Judgment _ pltf's request to proceed IFP is DENIED & |

cause of action is DISMISED pursuant to 28 USC 1915(d), (GEB), c/m eod 03/16/95 OBV 46 PG 74

04/24/2000  5    FRC shipped on 04/24/00; Accession # 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; Location # 272807; Box 11 of 12 eod 10/04/00 [BJS]

**USDC Southern Indiana -JAMS data-**                                  <u>Go to</u>
                                                                       <u>Top</u>

# ATTACHMENT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

RICHARD TALBOTT,                    )
                                   )
                   Plaintiff,      )
                                   )
         v.                        )          Cause No. NA 95-0214-C-R/H
                                   )
STANLEY O. FAITH, *et al.*,        )
                                   )
                   Defendants.     )

**ENTRY DENYING LEAVE TO PROCEED IN FORMA**
**PAUPERIS AND DIRECTING ENTRY OF JUDGMENT**

This cause is before the court on the plaintiff's complaint and on his request to proceed *in forma pauperis.*

Whereupon the court, having read and examined such complaint and request, and being duly advised, now makes the following determinations and ruling:

1.      The plaintiff alleges that defendants Faith, Orth and Grimes--all prosecutors in Floyd County, Indiana--conspired with Clark County Circuit Judge Donahue to sentence him to a period of incarceration in violation of his federally secured rights.  He was sentenced and served what he describes as "1½ actual years imprisonment."  He seeks damages and a federal investigation into his present incarceration.

2.      The plaintiff is arguably without sufficient funds to prepay the $120.00 filing fee for this action.  His request to proceed *in forma pauperis* must therefore be granted unless the action is frivolous or malicious.  28 U.S.C. § 1915(d).  Although the meaning of "malicious" in this context is not well-developed, the meaning of "frivolous" is.  Under this standard, a district court may review the complaint and dismiss *sua sponte* those claims premised on meritless legal theories or that clearly lack any factual basis.  *Denton v. Hernandez,* 112 S. Ct. 1728, 1730-31 (1992).  "Frivolous claims are those that have no arguable basis in law or in fact."  *Talley v. Lane,* 13 F.3d 1031, 1033 (7th Cir. 1994), citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

3.    The nature of the plaintiff's claim directly implicates the legality of the revocation of his probation, which was the legal justification for the confinement which he believes was unlawful. The Supreme Court ruled in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994), that in order to recover damages in an action brought pursuant to 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment, or for "other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 114 S. Ct. at 2372.

4.    It does not appear from the complaint that the plaintiff has prevailed in any prior action for post-conviction relief in either the state or federal courts which has paved the way for the present action in a way which *Heck* both contemplates and requires. He may elect to proceed with this argument in a federal forum and challenge the fact of his confinement pursuant to 28 U.S.C. § 2254(a) if he can satisfy the "in custody" and the exhaustion requirements of that statute. Otherwise, no viable claim for damages has yet accrued.

5.    Based on the foregoing, the plaintiff has no cause of action against the defendant. His complaint is without arguable basis as a matter of law and is therefore frivolous within the meaning of 28 U.S.C. § 1915(d). Judgment consistent with this Entry shall now issue. This disposition is not an adjudication "on the merits" and does not preclude the submission of a complaint for which the $120.00 filing fee required by 28 U.S.C. § 1914(a) is paid. *Denton v. Hernandez*, 112 S. Ct. 1728, 1734 (1992).

**IT IS SO ORDERED.**

GENE E. BROOKS, Judge
United States District Court

Date: *Dec. 18, 1995*

Copies to:

Richard D. Talbott
Reg. No. 04895-028
United States Penitentiary
P.O. Box 33
Terre Haute, IN  47808

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

RICHARD TALBOTT,                    )
                                    )
                Plaintiff,          )
                                    )
        v.                          )        Cause No. NA 95-0214-C-R/H
                                    )
STANLEY O. FAITH, et al.,           )
                                    )
                Defendants.         )

**J U D G M E N T**

The court, having this day made its Entry,

**IT IS NOW THEREFORE ADJUDGED AND DECREED** that the plaintiff's request

to proceed *in forma pauperis* is **DENIED** and this cause of action is **dismissed pursuant to**

**28 U.S.C. § 1915(d).**

GENE E. BROOKS, Judge
United States District Court

Date: _Dec. 18, 1995_

Copies to:

Richard D. Talbott
Reg. No. 04895-028
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

# UNITED STATES DISTRICT COURT SOUTHERN INDIANA

TALBOTT, RICHARD -VS- FAITH, STANLEY O                NA95-C-0214 -R/H

| FILED | CLOSED | NATR SUIT | JURY? | DEMAND ($1000) | JUDGE | MAGISTRATE |
|-------|--------|-----------|-------|----------------|-------|------------|
| 12/04/1995 | 12/18/1995 | 550 | N | 0 | BROOKS | HUSSMANN |

CAUSE: PRISONER PETITIONS; Civil Rights

TALBOTT, RICHARD                    **RICHARD D TALBOTT (O1)**
plaintiff                           PRO SE 04895-028
                                    P O BOX 33 (G/2)
                                    TERRE HAUTE, IN 47808

**V.**

FAITH, STANLEY O
defendant

GRIMES, BILL
defendant

ORTH, SUSAN
defendant

DONAHUE, DANIEL
defendant

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 12/04/1995 | 1 | APPLICATION TO PROCEED IFP by pltf |
| 12/18/1995 | 2 | ENTRY DENYING pltf to proceed IFP & directing Entry of Judgment. Pltf's complaint is without arguable basis as a matter of law & is therefore frivolous within the meaning of 28 USC 1915 (d), (1) (GEB), c/m eod 12/18/95 |
| 12/18/1995 | 3 | CLOSED Judgment - pltf's request to proceed IFP is DENIED & this cause of action is DISMISSED pursuant to 28 USC 1915(d), (GEB), c/m eod 12/18/95 OBV 46 PG 309 |

04/24/2000   4     FRC shipped on 04/24/00; Accession # 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; Location #
                   272808; Box 12 of 12 eod 10/04/00 [BJS]

**USDC Southern Indiana -JAMS data-**                              Go to
                                                                  Top

Case 1:06-cv-01194-GK   Document 11-3   Filed 09/20/2006   Page 29 of 67

```
   GREBL  607.00 *      MALE CUSTODY CLASSIFICATION FORM      *      09-06-2006
   PAGE 001 OF 001                                                  14:27:01

      REGNO: 04895-028                FORM DATE: 09-06-2006              ORG: GRE
   (A) NAME....: TALBOTT              RICHARD      DALE
   DES FACL/LEV: GRE      /MEDIUM     MGTV: NONE
   PUBSFTY: NONE                      MVED:


   (B) DETAINER: (0) NONE             SEVERITY.......: (3) MODERATE
   MOS REL.....: 90
   PRIOR.......: (3) SERIOUS          ESCAPES........: (0) NONE
   VIOLENCE....: (2) > 15 YRS SERIOUS PRECOMMT STATUS: (0) N/A


   (C) TIME SERVED.....: (4) 26-75%   DRUG/ALC ABUSE.: (3) > 5 YRS
   MENT/PSYCH STABILITY: (4) FAVORABLE TYPE DISCIP RPT: (5) NONE
   FREQ DISCIP REPORT..: (3) NONE     RESPONSIBILITY.: (4) GOOD
   FAMILY/COMMUN TIES..: (4) GOOD


   ============================ LEVEL AND CUSTODY SUMMARY ========================
   BASE   CUST  VARIANCE  SEC TOTAL   SCORED LEV MGMT SEC LEVEL  CUSTODY  CONSIDER
   +8     +27     -3      +5          MINIMUM      N/A             IN     DECREASE

   (D) TYPE REVIEW    NEW CUSTODY    APPROVED: ___YES___ NO  NEXT REVIEW: 9/07
       __REGULAR      ___MAX
       __EXCEPTION    __IN       CHAIRPERSON SIGNATURE....: _____
                      __OUT      WARDEN/DESIGNEE SIGNATURE
                      __COM         FOR EXCEPTION REVIEW: _____
```

REASON(S) FOR NOT FOLLOWING FORM'S RECOMMENDATION:

*Transfer in routing.*


COPY: CENTRAL FILE, SECTION TWO
      INMATE


G5149       INMATE/DESIG FACL LEVEL MISMATCHED, HAVE REGION ADD A MGTV
G0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.

From: __Talbott Richard D.__     __14855-028__    __H-UN__    __FCI-Greenville__
     LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A- INMATE REQUEST**   I AM APPEALING THE Decision by My Case Manager, Lindsey.

It is clear my Case Manager is Misinterpreting the definition of "Current Offense" Found in 5100.07 of the Security Designation & Custody Classification Manual, and it appears to be an interpretation intended to punish me. "Current Offense" is defined in very, very simple terms as "the most severe offense for which the inmate is satisfying his or her legal confinement."

I found 24 rounds of ammunition 10 years ago and took them to the local Police Department and was eventually convicted and sentenced for being a felon in possession of ammunition — which is the only "offense" I am in prison for.

I am asking, once again, to have my "offense severity" score corrected to reflect that of "moderate severity." (See attached)

__11-23-2004__                      __Richard Talbott__
DATE                                     SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
NOV 2 9 2004
WARDEN'S OFFICE
FCI GREENVILLE, IL

_____
DATE                                        WARDEN OR REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

FIRST COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE       CASE NUMBER: _____

**Part C- RECEIPT**                     CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL

SUBJECT: _____

                        REG. NO.       UNIT       INSTITUTION

_____
DATE

USP LVN                         RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

PART B - RESPONSE TO REQUEST FOR ADMINISTRATIVE REMEDY #356328-F2

TALBOTT, Richard
Reg. No.: 04895-028

This is in response to your Request for Administrative Remedy received November 29, 2004, in which you believe your custody classification is incorrectly scored, particularly the severity of the current offense category. You believe it should be scored as a moderate severity.

You were provided a response regarding this issue in Administrative Remedy 264470-A1. You have provided no additional information that would warrant a change in that response. On September 15, 2004, you requested your unit team notify the United States Probation Office of inaccurate information in your Pre-sentence Investigation Report. However, the USPO has indicated they are not inclined to make any changes to your current PSI.

Based on the above information, your Request for Administrative Remedy has been denied. If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.


_____                    _____
Darlene A. Veltri, Warden                        12/8/04
                                                  Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

| From: | Talbott | Richard | D. | 04895-028 | R2-3 | FCI/Greenville |
|-------|---------|---------|-----|-----------|------|----------------|
| | LAST NAME, FIRST, MIDDLE INITIAL | | | REG. NO. | UNIT | INSTITUTION |

Part A—REASON FOR APPEAL  I am appealing the decision by my unit manager (Pete Pottios) to continue to make custody/security classification decisions adverse to myself, and which are achieved only through wilful and intentional violations of federal law.  Id. title 5 United States Code, sections 555a (e)(5), (g)(1)(c) and (g)(4)(a).

The Federal Bureau of Prisons is maintaining inaccurate records concerning myself and is making decisions based on the inaccurate records which is depriving me of fair unit team hearings, eligibility for  for certain programs, and security classifications more beneficial to myself.

_____                                      _____
DATE                                                          SIGNATURE OF REQUESTER

Part B—RESPONSE

**JAN 3 1 2005**                                             **SEE ATTACHED RESPONSE**

_____                                      _____
DATE                                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel.  Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE                CASE NUMBER: _____

Part C—RECEIPT

                                                              CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.       UNIT        INSTITUTION

SUBJECT: _____

_____          _____          _____
DATE                             Previously BP-DIR-10              SIGNATURE, RECIPIENT OF REGIONAL APPEAL.
                                                                   BP-230(13)
                                                                   APRIL 1982

THE PETITIONER IS BEING DENIED FAIR SECURITY/CUSTODY CLASSIFICATION HEARINGS AND DESIGNATIONS, BASED ON HIS 'UNIT TEAM'S' CONTINUED USE OF CONDUCT IT KNOWS THIS PETITIONER IS NOT CURRENTLY INCARCERATED FOR, AND ARE ADVERSE TO THIS PETITIONER, AND CONSTITUTE A WILFUL VIOLATION OF TITLE 5 UNITED STATES CODE, SECTION 552a(e)(5)

The instant complaint (and request for relief) arises due to the fact that the alleged conduct (at least, that conduct alleged by the U.S. Probation Office), concerning the (dismissed) firearm count of conviction, is continuously being used by the Petitioner's 'unit team' to score his offense severity rating as that of "Greatest Severity".

However, according to the definition of "Current Offense," the unit team officers are only to consider "...the most severe offense for which the inmate is serving his or her legal confinement obligation..."

This Petitioner is only incarcerated for possessing ammunition on November 21, 1994, the conduct of which is presented in paragraph ten (10) of his federal Presentence Investigation Report.

His unit team, however, continues to rely on the alleged conduct contained in paragraphs 4-9 of his Presentence Investigation Report relating to the firearm count of conviction (conduct held to be irrelevant by the U.S. Court of Appeals).

Indeed, the unit team continues to use the firearm count of conviction when this Petitioner presented indisputable proof that the charge was dismissed as far back as 1996 - in clear violation of title 5 United States Code, Section 552a(e)(5), which states, in relevant part, that:

"Each agency that maintains a system of records shall...maintain all records which are used by the agency in making any determinations about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." Id. Title 5 U.S.C.S. 552a(e)(5).

*Richard D. Abbott*
04895-028
P.O. Box 5000
Greenville, I'.
62246

4

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
**Part B - Response**

Name:  TALBOTT, RICHARD
Register Number:  04895-028
Admin Remedy Number:  356328-R3

This is in response to your Regional Administrative Remedy Appeal in which you request that staff correct information in your records which you claim is untrue. You believe you are being discriminated against due to your unit team's reliance on this information to make classification decisions. You also request that the Offense Severity section of your Custody Classification Form (BP-338) be changed from Greatest to Moderate.

A review of your situation reveals the warden's response accurately addresses your concerns. The information you claim is untrue is contained in your Presentence Investigation Report (PSIR). Institution staff have contacted the U. S. Probation Office where the report was prepared. Staff in the probation office indicate the report is correct and no changes will be made. It should also be noted that after the report was initially prepared, and after you, or your attorney, had an opportunity to object to the report, your sentencing judge adopted the factual findings in the PSIR.

Your complaints regarding the Offense Severity scoring of your BP-338 was previously addressed in Administrative Remedy Appeal number 264470. You have provided insufficient evidence to warrant a reconsideration of that issue.

Your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_1/28/05_
Date

_MICHAEL K. NALLEY, Regional Director_

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

| From: | TALBOTT , RICHARD    D | 04695-028 | H-1A | FCI/GREENVILLE |
|-------|------------------------|-----------|------|----------------|
|       | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A—REASON FOR APPEAL**  I AM APPEALING THE DECISION OF THE REGIONAL OFFICE.

REGION HAS MISINTERPRETED MY COMPLAINT AS SEEKING TO HAVE THE BOP CORR

ECT ERRONEOUS INFORMATION IN MY PRESENTENCE INVESTIGATION REPORT (WHICH

IS UNTRUE).

I AM ATTEMPTING TO HAVE THE BOP CORRECT MY "INSTANT OFFENSE" SECURITY

SCORE TO REFLECT THE CRIME I AM IN PRISON FOR, WHICH IS FELON IN POSS-

ESSION OF AMMUNITION, A CRIME WHICH OCCURRED ON NOVEMBER 21, 1994.

THE BOP IS BASING MY "INSTANT OFFENSE" SCORE ON A FIREARM CHARGE WHICH

WAS DISMISSED AS HAVING BEEN OBTAINED IN VIOLATION OF MY CONSTITUTIONAL

RIGHTS TO A FAIR TRIAL, IN 1996 (AND WHICH WAS ALLEGED TO HAVE OCCURRED

TWO DAYS BEFORE THE AMMUNITION COUNT).

I FEEL I AM BEING DISCRIMINATED AGAINST UNFAIRLY.          See attached.

**FEBRUARY 15, 2005**
DATE                                                  SIGNATURE OF REQUESTER

**Part B—RESPONSE**

DATE                                                  GENERAL COUNSEL

THIRD COPY: WARDEN'S ADMINISTRATIVE REMEDY FILE          CASE NUMBER: _____

**Part C—RECEIPT**
                                                        CASE NUMBER: _____

Return to: _____

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

SUBJECT: _____

DATE                                SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
APRIL 1982

April 5, 2005

Appeal
<u>Complaint/Remedy Request</u>

On 11/19/94, I temporarily possessed a firearm in self-defense, and on 11/21/94, I found 24 rounds of ammunition and took them to the police department.

On 12/21/94, I was indicted by the federal government and charged with being a 'felon in possesion' of a firearm (for my conduct on 11/19/94), and ammunition (for my conduct on 11/21/94).

Exs. 1-2

I was convicted of both counts on 02/15/95, however, the U.S. Court of Appeals for the 7th Circuit reversed the firearm conviction after ruling that the district court violated my constitutional rights when not giving a self-defense instruction, concerning my possession of the firearm. See United States v. Talbott, 78 F.3d 1183 (7th Cir. 1996).

The government elected not to retry me on the firearm charge, however, and asked the district court to dismiss the charge, which it did on July 10, 1996.

Ex. 3

This dismissal was not predicated on any plea bargain, nor any lesser offense deal.

Thereafter, I was returned to the Bureau of Prisons to serve my sentence on the only charge I stand convicted of (i.e., the ammunition charge), for conduct I engaged in on 11/21/94.

Ex. 4

My "Unit Team," however, persistently continues to score my 'current offense' as that of "Greatest Severity" by using the firearm charge – and conduct allegedly related to that charge, although I was never charged with, nor convicted of, the conduct, and have no firearm conviction.

According to Program Statement 5100.07, when determining the severity of my "Current Offense" my Unit Team" is directed to base its score on the offense for which I am <u>currently</u> <u>serving</u> <u>my sentence</u>.

By          Exs. 5-7

By continuously relying on the dismissed firearm charge (and the uncharged conduct the U.S. Probation Officer claimed occurred during that, dismissed, offense) my "Current Offense" was graded as that of "Greatest Severity" (i.e., 7 points), which raised my "Base Score" to 14, although it should be a "Moderate Severity" offense.

Administrative Remedy No. 356328-A2
Part B - Response

This is in response to your Central Office Administrative Remedy
Appeal in which you claim the severity of your current offense is
incorrectly scored as Greatest because it is based upon erroneous
information contained in your Presentence Investigation Report
(PSI). You request the Bureau of Prisons correct the erroneous
information in your PSI and change the severity of your current
offense from Serious to Moderate.

Our review reveals the Warden and Regional Director adequately
responded to the issues raised in your appeal. The issue
concerning the scoring of your current offense as Serious was
previously addressed in Central Office Administrative Remedy No.
264470-A1, and we find no need to elaborate on it any further.

Program Statement (P.S.) 5800.11, Inmate Central File, Privacy
Folder, and Parole Mini-Files, states an inmate may challenge the
accuracy of information in his central file and is required to
provide staff with sufficient information in support of a
challenge (i.e., names of persons to contact, government agency,
etc.). P.S. 5800.11 also states that if an inmate challenges
information in the Presentence Investigation Report (PSI), staff
should inform the appropriate U.S. Probation Office (USPO) in
writing of the disputed information, and request that a written
response also be provided. If the USPO subsequently reports that
the challenged information, or some part thereof is not accurate,
staff shall attach the Bureau's inquiry and the USPO response to
the challenged document.

As noted, the U.S. Probation Office was contacted and has
indicated the information you challenge in your PSI will not be
amended. Bureau of Prisons' staff can only inform the USPO of
the challenged information. The Bureau of Prisons does not have
the authority to make changes to the PSI. We find the actions of
staff to be appropriate and in accordance with policy. You are a
Medium security level inmate with In custody and appropriately
confined at FCI Greenville.

Accordingly, your appeal is denied.


July 8, 2005
_____
Date


Harrell Watts, Administrator
National Inmate Appeals

# ATTACHMENT E

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

RICHARD TALBOTT,                          )
                                          )
                        Plaintiff,        )
      v.                                  )    No. NA 96-063-C-R/H
                                          )
GARY COLLINS (PROBATION OFF.),            )
THOMAS HAHN (A.T.F. AGENT),               )
MARK STUUAN (ASST. U.S. ATT.)             )
DENIES WARE (PROBATION OFF), et al.,      )
                                          )
                        Defendants.       )


## ENTRY DENYING LEAVE TO PROCEED IN FORMA
## PAUPERIS AND DIRECTING ENTRY OF JUDGMENT

This cause is before the court on the plaintiff's complaint and on his request to proceed *in forma pauperis*.

Whereupon the court, having read and examined such complaint and request, and being duly advised, now makes the following determinations and ruling:

1.      Plaintiff Richard D. Talbott is confined at the USP-Terre Haute. In the present action he sues a quartet of federal and state agents, alleging that his federally secured rights were violated by them.    He seeks the entry of a declaratory judgment to that same effect, as well as substantial compensatory and punitive damages.  The defendants in this action are the following:  (a) Gary Collins, identified as a probation officer for the Floyd County, Indiana Superior Court; (b) Thomas Hahn, an agent of the Federal Bureau of Alcohol, Tobacco and Firearms; (3) Mark Stuuan, identified as an Assistant United States Attorney for the Southern District of Indiana; and (4) Denise Ware, described as the Chief Probation Officer for Clark County, Indiana.

2.    The plaintiff is without sufficient funds to prepay the filing fee required by 28 U.S.C. § 1914(a). Accordingly, his request to proceed *in forma pauperis* must be granted unless the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The screening of complaints submitted by prisoners with requests to proceed *in forma pauperis* is required by 28 U.S.C. § 1915A.

a.    Under the recently amended § 1915, as with the previous version of § 1915, a district court may review the complaint and dismiss sua sponte those claims premised on meritless legal theories or that clearly lack any factual basis. *Denton v. Hernandez*, 112 S. Ct. 1728, 1730-31 (1992). "Frivolous claims are those that have no arguable basis in law or in fact." *Tally v. Lane*, 13 F.3d 1031, 1033 (7th Cir. 1994) (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

b.    A complaint fails to state a claim for which relief may be granted if, viewing the facts in the light most favorable to plaintiff and assuming them to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229 (1984); *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957). *Scheuer v. Rhodes*, 416 U.S. 232, 94 S. Ct. 1683 (1974). A pro se complaint will be dismissed only "if it is beyond doubt that there is no set of facts under which the plaintiff could obtain relief." *Wilson v. Civil Town of Clayton*, 839 F.2d 375, 378 (7th Cir. 1988).

3:    The plaintiff's action purports to be brought pursuant to the theory of recovery recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)). For the present purpose, it is sufficient to note that a *Bivens* action permits a person whose federally secured rights have been violated by persons acting under color of federal law to obtain redress from that person. A *Bivens* action is the federal-actor counterpart to the more familiar 42 U.S.C. § 1983.

4.    The plaintiff's complaint has been organized into ten "causes of action." Each of these is based on some aspect of the plaintiff's conviction or sentence for battery, a felony under Indiana law, in the Clerk County Circuit Court in 1986 and circumstances surrounding his federal prosecution in 1994-95 for violating 18 U.S.C. § 922(g)(1). The resolution of most of these causes of action is controlled by one or more of the following four principles:

-2-

a.    First, the decision whether to prosecute an individual for a criminal offense is "intimately associated" with the judicial process, and for that reason is a decision for which the law recognizes absolute immunity. *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995). Probation officers are accorded qualified immunity for actions taken in the course of their duties. *Turner v. Marion S. Barry, Jr.*, 856 F.2d 1539 (D.C. Cir. 1988); *Freeze v. Griffith*, 849 F.2d 172 (5th Cir. 1988).

b.    Second, the Supreme Court ruled in *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994), that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.   A claim of damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."

c.    Third, the statute of limitations applicable to actions under 42 U.S.C. § 1983 (or its counterpart against persons acting under color of federal law) is the statute governing personal injury actions in the state in which the action is brought. *Garcia v. Wilson*, 105 S. Ct. 1938 (1985). In Indiana, a plaintiff whose section 1983 cause of action accrued before the *Wilson* decision, April 17, 1985, must file suit within the shorter period of either five years from the date his cause of action accrued or two years after the *Wilson* decision was rendered. *Loy v. Clamme*, 804 F.2d 405, 408 (7th Cir. 1986) (applying *Garcia v. Wilson*, 105 S. Ct. 1938 (1985), and IND. CODE § 34-1-2-2(1)). Section 1983 claims "accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir. 1992). *See also Diaz v. Shallbetter*, 984 F.2d 850, 855 (7th Cir. 1993) ("Every constitutional tort actionable under § 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted.").

d.    Fourth—and this is quite significant in a substantive sense in assessing the plaintiff's claims--the plaintiff's assertion that his civil rights were restored and that because of this he was permitted to lawfully possess firearms, is incorrect as a matter of law.

-3-

5.    Since the restoration of his right to bear arms is central to the plaintiff's claims, this point bears more complete development. The recent federal offenses for which he was prosecuted were based on the following statute:

> It shall be unlawful for any person . . . who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce any firearm.

18 U.S.C. § 922(g).  A related statute, 18 U.S.C. § 921(a)(20), states:

> What constitutes a conviction of [a crime punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held.  Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

6.    Under the statutory structure described above, if a felon's civil rights have been restored, "his felony conviction may not serve as a predicate conviction for a violation of section 922(g)(1), unless he has been informed by the state statute or other state action of any prohibition concerning firearms." *United States v. Cardwell*, 967 F.2d 1349, 1350 (9th Cir. 1992). Talbott's position is that his civil rights have been restored because all ex-felons, in Indiana, have their civil rights restored automatically, and each of them may own a shotgun or a rifle at the completion of their prison term.  This position is untenable.  The subject was comprehensively examined in *United States v. Lee*, 72 F.3d 55 (7th Cir. 1995), which relied in large part on *United States v. McKinley*, 23 F.3d 181, 183 (7th Cir. 1994):

> Unfortunately for Lee, his argument that Indiana automatically restores a felon's civil right to carry a shotgun is foreclosed by our decision in *McKinley*, 23 F.3d at 183.  In *McKinley*, we held that "absent a pardon or expungement, a state must enact a general statute substantially restoring a convicted felon's civil rights in order to exempt him from prosecution under § 922(g)." *Id.*  Furthermore, we examined Indiana law and concluded that "convicted felons in Indiana do not receive substantial restoration of their civil rights." *McKinley*,

-4-

23 F.3d at 184. Because, for purposes of this argument, Lee concedes he is a convicted felon, his civil right to carry a firearm has not been restored.

Recognizing that *McKinley* poses an apparently insurmountable problem, Lee asks that we "purify" our earlier analysis based on a more careful accounting of Congressional intent, legislative history, and Indiana law. While we appreciate Lee's gumption, we decline his offer to revisit *McKinley*. Lee also tries an end run around *McKinley* by arguing that its "precise," though implicit, holding was that because McKinley was on parole at the time of his § 922(g) violation he was expressly forbidden to possess guns. This is wrong. Our holding in *McKinley*, explicitly and implicitly, was that Indiana does not automatically restore convicted felons' rights to carry guns.

Lee next argues that *McKinley* does not apply because Lee possessed a shotgun rather than a handgun. As Lee mentions in passing, McKinley, himself, was convicted for possessing a shotgun. *McKinley*, 23 F.3d at 183. Leaving that aside, we reject Lee's comparison between shotguns and handguns as a distinction without a difference. The district court relied on *United States v. Driscoll*, 970 F.2d 1472, 1481 (6th Cir.1992), *cert. denied*, 506 U.S. 1083, 113 S. Ct. 1056 (1993)], in rejecting this argument. In *Driscoll*, the Sixth Circuit addressed the significance of Michigan's restriction on felons' possession of handguns, but not shotguns. The court analyzed the plain language of sections 922(g) and 921(a)(20) and found: "[F]ederal courts should examine state law solely for the purpose of determining whether the state has restored felons to their full civil rights, including allowing them to possess firearms. If so, then the state has effectively vouched for its convicted felons, declaring them free of stigma and worthy of equal treatment by the federal government." 970 F.2d at 1480. We agree with the Sixth Circuit that under federal law, "a person is either treated as a convicted felon, and thus prohibited from carrying any firearms, or is treated as though he had a clean record, and thus allowed to carry all legal firearms." *Driscoll*, 970 F.2d at 1480. In other words, it's all or nothing. Because Indiana law does not restore fully felons' civil rights, those felons may carry firearms (shotgun, handgun, or any other firearm) only at the risk of prosecution under § 922(g).

*United States v. Lee*, 72 F.3d at 57.

-5-

7.   The first cause of action is asserted against defendant Ware, and is that this defendant deprived Talbott of his due process rights when subjecting him to a federal prosecution under "the 1968 Firearms Act." The wrongfulness of Ware's action in this regard is described as transgressing Talbott's constitutional right to bear arms. There are three impediments to this claim--prosecutorial immunity (applicable in the unlikely event that Ware decided whether to initiate the firearms prosecution; otherwise, Ware's involvement would lack the necessary causation to support her liability), a *Heck* barrier as to the firearm conviction which is presently extant, and Talbott's erroneous view of Indiana law in relation to the disability of convicted felons to possess firearms.

8.   The second cause of action is based on Ware's asserted violation of the Indiana Constitution. However, no cause of action is recognized for claims arising directly under the Indiana Constitution. *Bailey v. Washington Theater Co.*, 34 N.E.2d 17, 19-20 (Ind. 1941).

9.   The third cause of action is asserted against defendant Hahn for agreeing with Ware to deprive Talbott of his right under Indiana law to bear arms. The impediments to this cause of action are that Talbott's understanding of Indiana law is categorically incorrect, based on the explicit discussion of the issue in *Lee*.

10.   The fourth cause of action is that defendant Stuuan violated Talbott's right to be free from cruel and unusual punishment "in his effort" to have Talbott sentenced to a lengthy period of incarceration following his federal firearms conviction. This claim is clearly the result of Talbott's aggravation with Stuuan's decisions as prosecutor and his advocacy. This claim is thus precluded by Stuuan's prosecutorial immunity.

11.   The plaintiff's fifth cause of action is asserted against Stuuan, and, just as the fourth cause of action, is based on Talbott's disagreement with the decision made to prosecute him. That decision is immunized from the plaintiff's claim for damages.

12.   The plaintiff's sixth cause of action is asserted against "the defendants," and is based on the assertion that his equal protection rights were violated because he was "subject[ed] . . . to a life sentence for exercising his (state) constitutional right to bear arms, while, those (felons), similarly situated, are treated better. . . ." If this claim is that the plaintiff was not subject to prosecution, he is simply wrong. If the claim is that his equal protection rights were violated *because* he was prosecuted unfairly, this is insufficient. "A person bringing an action under the Equal Protection Clause must show intentional

-6-

discrimination against him because of his membership in a particular class, not merely that he was treated unfairly . . . . 'The decisionmaker [must have] selected or reaffirmed a particular course of action at least in part "because of," not merely "in spite of," its adverse effects upon an identifiable group.'" *Huebschen v. Dep't of Health and Social Serv.*, 716 F.2d 1167, 1171 (7th Cir. 1983) (quoting *Personnel Administrator v. Feeney*, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296 (1979)).

13.   The seventh cause of action asserts a violation of the Indiana Constitution.   As explained in paragraph 7 of this Entry, however, this is not actionable.

14.   The eighth cause of action is Talbott's claim that defendant Collins violated Talbott's Eighth Amendment right—probably, his right to be free from cruel and unusual punishment, which is apparently Talbott's view of the result of any prosecution he finds unwarranted—by refusing to acknowledge that he, Collins, allowed Talbott to possess weapons and ammunition, for which Talbott was then indicted.   If this is a claim of false testimony, it is not actionable.   *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108 (1983); *Griffin v. Summerlin*, 78 F.3d 1227 (7th Cir. 1996).   If this is a claim that the plaintiff had the right to possess firearms (and hence should not have been prosecuted under 18 U.S.C. § 922(g), the legal premise of the claim is incorrect.

15.   Talbott's ninth cause of action is that defendants Stuuan, Ware and Hahn violated Talbott's right to be free from cruel and unusual punishment by subjecting him to the possibility of a life sentence for having exercised his constitutional right to bear arms.   In connection with this, the complaint makes clear that there were two counts to the federal § 922(g)(1) prosecution, that one conviction was reversed on appeal (and appears to Talbott ripe for a re-trial) and that he has sought dismissal of the remaining conviction.   Even though one federal conviction was reversed, the claim in the ninth cause of action is that Talbott should not have been prosecuted.   This Entry has already demonstrated that the prosecutive decision is not actionable.   If the ninth cause of action is an oblique attack on the validity of the extent § 922(g)(1), Talbott's remedy is to proceed with his motion to dismiss in the setting of the criminal action itself.

16.   Talbott's tenth cause of action is that defendants Stuuan, Ware and Hahn violated provision of Indiana law.   The violation of state law, however, is not actionable under 42 U.S.C. § 1983, a point made by *White v. Olig*, 56 F.3d 817, 820 (7th Cir. 1995):

It is well known that Section 1983 imposes liability only for violations of rights protected by the Constitutions and laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979). It is therefore a truism, reiterated many times by this court, that mere allegations of state law infraction are insufficient to support a Section 1983 claim. *Doe v. Burnham*, 6 F.3d 476, 480 (7th Cir. 1993); *Moore v. Marketplace Restaurant, Inc.*, 754 F.3d 1336, 1349 (7th Cir. 1985).

17.    Talbott's various causes of action are uniformly insufficient to support any of the claims he asserts in this action. Based on the foregoing, the action is frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B) and the plaintiff's request to proceed *in forma pauperis* is denied. Judgment consistent with this Entry shall now issue. This disposition is not an adjudication "on the merits" and does not preclude the submission of a complaint for which the $120.00 filing fee required by 28 U.S.C. § 1914(a) is paid. *Denton v. Hernandez*, 112 S. Ct. 1728, 1734 (1992).

**IT IS SO ORDERED.**

GENE E. BROOKS, Judge
United States District Court

Date: *June 19, 1996*

-8-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

RICHARD TALBOTT,                        )
                                        )
                        Plaintiff,      )
        v.                              )        No. NA 96-063-C-R/H
                                        )
GARY COLLINS (PROBATION OFF.),          )
THOMAS HAHN (A.T.F. AGENT),             )
MARK STUUAN (ASST. U.S. ATT.)           )
DENIES WARE (PROBATION OFF), et al.,    )
                                        )
                        Defendants.     )

# J U D G M E N T

The court, having this day made its Entry,

**IT IS NOW THEREFORE ADJUDGED AND DECREED** that the plaintiff's request to proceed *in forma pauperis* is **DENIED** and this cause of action is **dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).**

GENE E. BROOKS, Judge
United States District Court

Date: June 19 1996

Copies to:

Richard D. Talbott
Reg. No. 04895-028
United States Penitentiary
P.O. Box 33
Terre Haute, IN  47808

161

## UNITED STATES DISTRICT COURT SOUTHERN INDIANA

TALBOTT, RICHARD D -VS- COLLINS, GARY            NA96-C-0063 -R/H

| FILED | CLOSED | NATR SUIT | JURY? | DEMAND ($1000) | JUDGE | MAGISTRATE |
|-------|--------|-----------|-------|----------------|-------|------------|
| 05/16/1996 | 06/20/1996 | 440 | N | 5000 | BROOKS | HUSSMANN |

**CAUSE: CIVIL RIGHTS; Other Civil Rights**

TALBOTT, RICHARD D                 **RICHARD D TALBOTT (01)**
plaintiff                          PRO SE 04895-028
                                   P O BOX 33 (G/2)
                                   TERRE HAUTE, IN 47808

**V.**

COLLINS, GARY
defendant

HAHN, THOMAS
defendant

STUUAN, MARK
defendant

WARE, DENISE
defendant

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 05/16/1996 | 1 | APPLICATION TO PROCEED IFP by pltf eod 05/16/96 [BJS] |
| 06/19/1996 | 2 | ENTRY DENYING pltf leave to proceed IFP & directing Entry of Judgment, (1) (GEB), c/m eod 06/20/96 [KTK] |
| 06/19/1996 | 3 | CLOSED Judgment - pltf's request to proceed IFP is DENIED and this cause of action is DISMISSED pursuant to 28 USC 1915(e)(2) (B), (GEB), c/m OBV 47 PG 161 eod 06/20/96 [KTK] |
| 05/22/2001 | 4 | FRC shipped on 05/22/01; Accession # 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; Location # |

872319; Box 11 OF 11 eod 07/18/01 [SLL]

**USDC Southern Indiana -JAMS data-**                    Go to
                                                         Top

# ATTACHMENT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

**FILED**

**JUN 2 1 1996**

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

RICHARD TALBOTT,              )
                             )
        Plaintiff,            )
                             )
    vs.                      )    CAUSE NO. NA 96-47-C H/H
                             )
DANIEL DONAHUE, et al.,      )
                             )
        Defendants.          )

## ENTRY DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING ENTRY OF JUDGMENT

This cause is before the court on the plaintiff's complaint and on his request to proceed *in forma pauperis*.

Whereupon the court, having read and examined such complaint and request, and being duly advised, now makes the following determinations and ruling:

1.    The plaintiff in this action sues an Indiana state court judge and a probation officer. He sues the judge because he is the supervisor of the probation officer. He sues the probation officer because of her assertedly false testimony at a recent criminal trial in this court (as a result of which the plaintiff was convicted of the crimes which had been charged).[1] He seeks compensatory and punitive damages.

2.    The plaintiff claims to be without sufficient funds to prepay the filing fee required by 28 U.S.C. § 1914(a). His request to proceed *in forma pauperis* shows that he is incarcerated, that he has an income of $27.00 per month from the Federal Bureau of Prisons, and that he has less than one dollar in his inmate account at the institution where he is confined. He has therefore shown his inability to prepay the $120.00 filing fee for this action, and his request to proceed *in forma pauperis* must be granted unless the action is frivolous or malicious

---

[1]Mr. Talbott was convicted on two counts of possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e). The Court of Appeals reversed the conviction on the firearm charge and remanded for re-sentencing on the ammunition charge. *United States v. Talbott*, 78 F.3d 1183 (7th Cir. 1996). The criminal case is currently pending in this court upon remand from the Seventh Circuit.

*RBV*

within the meaning of 28 U.S.C § 1915(d). Under this standard, a district court may review the complaint and dismiss *sua sponte* those claims premised on meritless legal theories or that clearly lack any factual basis. *Denton v. Hernandez*, 112 S. Ct. 1728, 1730-31 (1992). "Frivolous claims are those that have no arguable basis in law or in fact." *Tally v. Lane*, 13 F.3d 1031, 1033 (7th Cir. 1994), citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3.    The plaintiff's action is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizens . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." "[T]he first step in any [1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 114 S. Ct. 807, 811 (1994).

4.    The plaintiff's claims are legally frivolous. The defendant probation officer has absolute immunity based on her testimony at the plaintiff's trial. *Briscoe v. LaHue*, 460 U.S. 325, 103 S. Ct. 1108 (1983); *Griffin v. Summerlin*, 78 F.3d 1227 (7th Cir. 1996). The defendant judge cannot be liable under § 1983 based on the doctrine of *respondeat superior*. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981).

5.    The complaint might also be construed as seeking damages from these defendants on the theory that they failed to explain to him the federal law generally prohibiting convicted felons from possessing firearms and ammunition. See 18 U.S.C. § 922(g). Any such claim would also be frivolous. The court is aware of no authority that would support an award of damages under these circumstances.

6.    Accordingly, the complaint lacks an arguable basis in law and must be dismissed pursuant to 28 U.S.C. § 1915(d). Judgment consistent with this Entry shall now issue. This disposition is not an adjudication "on the merits" and does not preclude the submission of a complaint for which the $120.00 filing fee required by 28 U.S.C. § 1914(a) is paid. *Denton v. Hernandez*, 112 S. Ct. 1728, 1734 (1992).

So ordered.

Date: _June 21, 1996_

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

-2-

Copies to:

Richard D. Talbott
Reg. No. 04895-028
United States Penitentiary
P.O. Box 33
Terre Haute, Indiana  47808

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

**FILED**

JUN 2 1 1996

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

RICHARD TALBOTT,                    )
                                    )
              Plaintiff,            )
                                    )
       vs.                          )   CAUSE NO. NA 96-47-C H/H
                                    )
DANIEL DONAHUE, et al.,             )
                                    )
              Defendants.           )

## JUDGMENT

The court, having this day made its Entry,

IT IS NOW THEREFORE ADJUDGED AND DECREED that the plaintiff's request to proceed *in forma pauperis* is DENIED and this cause of action is dismissed pursuant to 28 U.S.C. § 1915(d).

Date: _June 21, 1996_

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Richard D. Talbott
Reg. No. 04895-028
United States Penitentiary
P.O. Box 33
Terre Haute, Indiana  47808

*DBV*

*166*          *Entered 6-21-96*

## *UNITED STATES DISTRICT COURT SOUTHERN INDIANA*

TALBOTT, RICHARD DALE -VS- DONAHUE, DANIEL F          NA96-C-0047 -H/H

| FILED | CLOSED | NATR SUIT | JURY? | DEMAND ($1000) | JUDGE | MAGISTRATE |
|-------|--------|-----------|-------|----------------|-------|------------|
| 04/12/1996 | 06/21/1996 | 550 | N | 1000 | HAMILTON | HUSSMANN |

**CAUSE:** PRISONER PETITIONS; Civil Rights

TALBOTT, RICHARD DALE          **RICHARD D TALBOTT (01)**
plaintiff                      PRO SE 04895-028
                               P O BOX 33 (G/2)
                               TERRE HAUTE, IN 47808

**V.**

DONAHUE, DANIEL F
defendant

WARE, DENISE ZIMMERMAN
defendant

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 04/12/1996 | 1 | APPLICATION TO PROCEED IFP by pltf eod 04/15/96 [BJS] |
| 06/21/1996 | 2 | ENTRY DENYING pltf's Application to Proceed IFP and Directing Entry of Judgment (1) (DFH), c/m from Indpls eod 06/21/96 [BJS] |
| 06/21/1996 | 3 | CLOSED Judgment - pltf's Application to Proceed IFP is DENIED and this matter is DISMISSED pursuant to 28:1915(d) (1) (DFH), c/m from Indpls OBV 47 PG 166 eod 06/21/96 [BJS] |
| 05/22/2001 | 4 | FRC shipped on 05/22/01; Accession # 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; Location # 872318; Box 10 OF 11 eod 07/18/01 [SLL] |

**USDC Southern Indiana -JAMS data-**          <u>Go to Top</u>

# ATTACHMENT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

**FILED**

JUN 2 1 1996

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

RICHARD TALBOTT,                          )
                                          )
            Plaintiff,                    )
                                          )
      v.                                  )        Cause No. NA 96-46-C-H/H
                                          )
RICHARD STRIEGEL, et al.,                 )
                                          )
            Defendants.                   )

### ENTRY DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING ENTRY OF JUDGMENT

This cause is before the court on the plaintiff's complaint and on his request to proceed *in forma pauperis*.

Whereupon the court, having read and examined such complaint and request, and being duly advised, now makes the following determinations and ruling:

1.    The plaintiff in this action sues an Indiana state court judge and a probation officer. He sues them because these officials were involved in the resolution of a criminal prosecution in a state court in 1986 and that resolution (the plaintiff's conviction) became a basis for the plaintiff's recent conviction in federal court for being a felon in possession of a firearm. The defendants then failed to verify information they had previously given the plaintiff that he would be permitted to possess "long guns" in the State of Indiana despite his 1986 felony conviction. Although the reasoning is opaque, it is obvious that Mr. Talbott blames the defendants for his federal conviction.[1] Accordingly, he seeks compensatory and punitive damages.

2.    The plaintiff claims to be without sufficient funds to prepay the filing fee required by 28 U.S.C. § 1914(a). His request to proceed *in forma pauperis* shows that he is incarcerated, that he has an income of $27.00 per month from the Federal Bureau of Prisons, and that he has less than one dollar in his inmate account at the institution where he is confined.

---

[1] Mr. Talbott was convicted on two counts of possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). He was sentenced as an armed career criminal pursuant to 18 U.S.C. § 924(e). The Court of Appeals reversed the conviction on the firearm charge and remanded for re-sentencing on the ammunition charge. *United States v. Talbott*, 78 F.3d 1183 (7th Cir. 1996). The criminal case is currently pending in this court upon remand from the Seventh Circuit.

*COV.*

He has therefore shown his inability to prepay the $120.00 filing fee for this action, and his request to proceed *in forma pauperis* must be granted unless the action is frivolous or malicious within the meaning of 28 U.S.C. § 1915(d). Under this standard, a district court may review the complaint and dismiss sua sponte those claims premised on meritless legal theories or that clearly lack any factual basis. *Denton v. Hernandez,* 112 S. Ct. 1728, 1730-31 (1992). "Frivolous claims are those that have no arguable basis in law or in fact." *Tally v. Lane,* 13 F.3d 1031, 1033 (7th Cir. 1994), citing *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

3.    The plaintiff's action is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." "[T]he first step in any [1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 114 S. Ct. 807, 811 (1994).

4.    The plaintiff's claims are legally frivolous. His claim for damages is premised on the contention that his federal conviction should not have occurred and/or that the state conviction from 1986 was unlawfully induced by the defendants' representations. As for the state conviction, no cause of action will accrue until he obtains relief from his conviction. The Supreme Court ruled in *Heck v. Humphrey,* 114 S. Ct. 2364, 2372 (1994), that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim of damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." The plaintiff has not alleged that his prior state has been reversed, expunged or otherwise declared invalid.

5.    Plaintiff's efforts to recover damages from these defendants for causing his federal convictions encounter slightly different difficulties. First, plaintiff's federal conviction on the firearms charge has been set aside by the Court of Appeals, but the charge remains pending against plaintiff. Any claim based on that charge is clearly premature. Second, the Court of Appeals upheld plaintiff's conviction on the ammunition charge, and any claim for damages based on that charge is also barred by *Heck v. Humphrey* unless and until the conviction on that charge has been reversed, expunged, or otherwise declared invalid. Third, even if the *Heck v. Humphrey* problem were not present, the court is aware of no authority that would support a damage award against these defendants on the theory that they misled him or failed to inform him about the federal law prohibiting most convicted felons from possessing firearms.

6.    Accordingly, the complaint lacks an arguable basis in law and must be dismissed pursuant to 28 U.S.C. § 1915(d). Judgment consistent with this Entry shall now issue. This disposition is not an adjudication "on the merits" and does not preclude the submission of a

-2-

complaint for which the $120.00 filing fee required by 28 U.S.C. § 1914(a) is paid. *Denton v. Hernandez*, 112 S. Ct. 1728, 1734 (1992).

**IT IS SO ORDERED.**

Date: _June 21, 1996_

DAVID F. HAMILTON, Judge
United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

**FILED**

JUN 2 1 1996

U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

RICHARD TALBOTT,                     )
                                     )
                    Plaintiff,       )
        v.                           )        Cause No. NA 96-46-C-H/H
                                     )
RICHARD STRIEGEL, *et al.*,          )
                                     )
                    Defendants.      )


# J U D G M E N T

The court, having this day made its Entry,

**IT IS NOW THEREFORE ADJUDGED AND DECREED** that the plaintiff's request to proceed *in forma pauperis* is **DENIED** and this cause of action is dismissed pursuant to 28 U.S.C. § 1915(d).

DAVID F. HAMILTON, Judge
United States District Court

Date: June 21, 1996

Copies to:

Richard D. Talbott
Reg. No. 04895-028
United States Penitentiary
P.O. Box 33
Terre Haute, IN  47808

## UNITED STATES DISTRICT COURT SOUTHERN INDIANA

TALBOTT, RICHARD DALE -VS- STRIEGEL, RICHARD G       NA96-C-0046 -H/H

| FILED | CLOSED | NATR SUIT | JURY? | DEMAND ($1000) | JUDGE | MAGISTRATE |
|-------|--------|-----------|-------|----------------|-------|------------|
| 04/12/1996 | 06/21/1996 | 550 | N | 1000 | HAMILTON | HUSSMANN |

**CAUSE:** PRISONER PETITIONS; Civil Rights

TALBOTT, RICHARD DALE
plaintiff

**RICHARD D TALBOTT (01)**
PRO SE 04895-028
P O BOX 33 (G/2)
TERRE HAUTE, IN 47808

**V.**

STRIEGEL, RICHARD G
defendant

COLLINS, GARY
defendant

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 04/12/1996 | 1 | APPLICATION TO PROCEED IFP by pltf eod 04/15/96 [BJS] |
| 06/21/1996 | 2 | ENTRY DENYING pltf leave to proceed IFP & directing Entry of Judgment (1) (DFH), c/m from IP eod 06/21/96 [KTK] |
| 06/21/1996 | 3 | CLOSED Judgment - pltf's request to proceed IFP is DENIED and this cause of action is DISMISSED pursuant to 28 USC 1915(d), (DFH), c/m from IP OBV 47 PG 165 eod 06/21/96 [KTK] |
| 05/22/2001 | 4 | FRC shipped on 05/22/01; Accession # 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; Location # 872318; Box 10 OF 11 eod 07/18/01 [SLL] |

**USDC Southern Indiana -JAMS data-**

<u>Go to
Top</u>

# ATTACHMENT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION


RICHARD D. TALBOTT,                   )
                                      )
                Plaintiff,            )
        v.                            )      CAUSE NO. NA 96-157-C-D/H
                                      )
NEW ALBANY POLICE                     )
DEPARTMENT, KYLE BREWER,              )
& JOHN DOE                            )
                                      )
                Defendants.           )


## ENTRY DENYING LEAVE TO PROCEED IN FORMA PAUPERIS AND DIRECTING ENTRY OF JUDGMENT


The plaintiff's request to proceed *in forma pauperis* is **denied** and this action is

**dismissed,** pursuant to 28 U.S.C. § 1915(e)(2)(B), for the following reasons:


1.      The plaintiff is an inmate at the United States Penitentiary in Terre Haute.

In this action, he seeks damages from the defendants in connection with events leading

to his federal conviction. The plaintiff asserts he is entitled to damages because he was

arrested by officers of the New Albany Police Department without a warrant and that

arrest lead to his federal conviction for possession of ammunition. This, Talbott

contends, is contrary to his federal and state constitutional right to bear arms.

2.    The plaintiff's action is brought pursuant to 42 U.S.C. § 1983. A cause of action is provided by 42 U.S.C. § 1983 against "every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." "[T]he first step in any [1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 114 S. Ct. 807, 811 (1994).

3.    The plaintiff's claim hinges on the validity of procedures followed during his arrest, and the subsequent trial which he claims was tainted by that arrest. No cause of action will accrue until he obtains relief from the underlying state conviction. *Heck v. Humphrey*, 114 S. Ct. 2364 (1994).

4.    The screening of prisoner complaints submitted with requests to proceed *in forma pauperis* is required by 28 U.S.C. § 1915A. The plaintiff's request to proceed *in forma pauperis* may properly be denied, despite his poverty, if his complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). For the reasons described above, that is precisely the nature of the complaint in this case.

2

Accordingly, the plaintiff's request to proceed *in forma pauperis* is denied and this action will be dismissed. A separate order consistent with this Entry shall now issue. This disposition is not an adjudication "on the merits" and does not preclude the submission of a complaint for which the $120.00 filing fee required by 28 U.S.C. § 1914(a) is paid. *Denton v. Hernandez*, 112 S. Ct. 1728, 1734 (1992).

IT IS SO ORDERED.

S. HUGH DILLIN, Judge
United States District Court

Date: 11 22 96

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| RICHARD D. TALBOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| -v. | ) | CAUSE NO. NA 96-157-C-D/H |
| | ) | |
| NEW ALBANY POLICE | ) | |
| DEPARTMENT, KYLE BREWER, | ) | |
| & JOHN DOE | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The court, having this day made its Entry,

**IT IS NOW THEREFORE ORDERED AND DECREED** that the plaintiff's

request to proceed *in forma pauperis* is **DENIED** and this cause of action is **dismissed**

**pursuant to 28 U.S.C. § 1915(e)(2)(B).**

S. HUGH DILLIN, Judge
United States District Court

Date: 11/22/96

Copies to:

Richard D. Talbott, #04895-028, P.O. Box 33 (2C), Terre Haute, Indiana 47808

# UNITED STATES DISTRICT COURT SOUTHERN INDIANA

TALBOTT, RICHARD DALE -VS- NEW ALBANY IN POLICE        NA96-C-0157 -
DEPT                                                              D/H

| FILED | CLOSED | NATR SUIT | JURY? | DEMAND ($1000) | JUDGE | MAGISTRATE |
|-------|--------|-----------|-------|----------------|-------|------------|
| 11/12/1996 | 11/26/1996 | 440 | N | 1080 | DILLIN | HUSSMANN |

**CAUSE:** CIVIL RIGHTS; Other Civil Rights

TALBOTT, RICHARD DALE            **RICHARD D TALBOTT (01)**
plaintiff                                   PRO SE 04895-028
                                                P O BOX 33 (G/2)
                                                TERRE HAUTE, IN 47808

**V.**

NEW ALBANY IN POLICE DEPT
defendant
BREWER, KYLE
defendant

---

| DATE | NR. | PROCEEDINGS |
|------|-----|-------------|
| 11/12/1996 | 1 | APPLICATION TO PROCEED IFP eod 11/12/96 [BJS] |
| 11/22/1996 | 2 | ENTRY DENYING pltf leave to proceed IFP & directing entry of judgment, (1) (SHD), c/m eod 11/26/96 [KTK] |
| 11/22/1996 | 3 | CLOSED Judgment - pltf's request to proceed IFP is DENIED & this cause is DISMISSED pursuant to 28 USC 1915(e)(2)(B), (1) (SHD), c/m OBV 47 PG 305 eod 11/26/96 [KTK] |
| 05/22/2001 | 4 | FRC shipped on 05/22/01; Accession # 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; Location # 872319; Box 11 OF 11 eod 07/18/01 [SLL] |

---

**USDC Southern Indiana -JAMS data-**                         Go to
                                                                          Top